Ex Parte R. R. Villareal.

No. 4112. Decided May 31, 1916.

Rehearing denied June 21, 1916.

**Habeas Corpus—Waiving Examination—Practice on Appeal.**

Where relator was charged with robbery and theft in Mexico and bringing the stolen property into Texas, by complaint, and waived examination and the examining court fixed his bond at five hundred dollars which he gave, and later applied to the district judge for a reduction of bail and for his discharge from custody, but introduced no evidence but simply stood upon the record for trial, and no indictment had been returned and the district judge again held the relator for his appearance before the grand jury, there was no reversible error.

Appeal from the District Court of Val Verde. Tried below before the Hon. Joseph Jones.

Appeal from a habeas corpus proceeding seeking discharge from custody and reduction of bail of five hundred dollars, on a charge of felony.

The opinion states the case.

*David E. Hume,* for relator, cited Ex parte McCorkle, 13 S. W. Rep., 991.

*C. C. McDonald* Assistant Attorney General for the State.

DAVIDSON, JUDGE.—Appellant was arrested on a complaint charging him with robbery and theft and bringing the stolen or acquired property into Texas and into the County of Terrell. The complaint is on information and belief. Upon his arrest he was carried before the examining court and there waived examination. The court fixed his bond at $500. Later he applied to the district judge for habeas corpus on two propositions: first, a reduction of bail, and, second, for his discharge from custody. There was no evidence introduced on the trial as to the facts attending the robbery or theft. So the case stands upon the papers. There had been no indictment returned prior to the hearing of the writ of habeas corpus. The rule, generally stated, with reference to matters involved is that where there is cause or probable cause for believing an offense has been committed the court may hold the party for an investigation by the grand jury. The burden of proof in habeas corpus trials of this character is upon the State, and it must show probable cause for holding the arrested party. Where there is no evidence introduced the court, of course, must act upon the case as presented. If appellant committed the robbery or the theft in Mexico and brought the proceeds acquired by means of the robbery or the theft into Texas, he would be amenable to the laws of Texas under our statute, which prohibits bringing stolen property or property acquired by robbery into the State. Appellant having waived an examining trial and given bond, could not complain of what occurred in the examining court. He could have demanded a trial on the facts if he so desired. Having waived an examination and given bond, he could not complain of being held under reasonable bond. Had he required the introduction of evidence the State would have had to produce it, but this matter he waived, it being within his power and right to do so. We are of opinion that under the record as we have it, the court was not in error in holding appellant for his appearance before the grand jury. Evidence was not introduced in either trial that he was unable to give bond or the amount of bail which he could give. He stood upon the record as made. We are of opinion that the case as presented justified the court in holding appellant for his appearance before the grand jury. If he gave bond he would be discharged; failing to give it, he would be kept in custody. The evidence may or may not have been sufficient to hold him, but it is not before the court, and we think the record raises a sufficient probable ground to hold him for his appearance before the grand jury.

The judgment, therefore, will be affirmed.

*Affirmed.*

[Rehearing denied June 21, 1916.—Reporter.]