## Ex Parte Lilburn Guynn.

No. 14011.   Delivered October 29, 1930.
Reported in 32 S. W. (2d) 187.

The opinion states the case.

*Putney & Green* of Victoria, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from an order refusing to release the relator on a writ of habeas corpus.

The appellant was taken before the Justice of the Peace where he was charged by complaint with robbery by assault and by the use of firearms.   It appears that he was held to await the action of the grand jury and allowed bail in the sum of $500.00.   In the order of the Justice of the Peace it is stated that the examining trial was waived.   In the order the following also appears:

"The defendant, Lilburn Guynn, appeared in person and waived examining trial, and the Court having fully completed the examination herein, it is considered that the evidence is sufficient to answer before the District Court of Victoria County, Texas."

Appellant was unable to give bond and was remanded to jail. His release is sought by a writ of habeas corpus upon the ground that there exists against him no sufficient cause for confining him in jail.

The testimony of the Justice of the Peace, in substance, is as follows:

"In the proceedings held before me wherein I stated that the defendant waived examining trial, no evidence of any kind was

introduced by the State. * * * The county attorney asked the attorney representing the defendant whether this case should be tried as the other one just before, where there was no testimony given, and the attorney representing the defendant said 'yes,' as it was a capital case, that I, as Justice of the Peace could not release the prisoner; that he would have to be held under some bond, and the cases being the same kind, should be tried the same way. And I turned to this defendant and asked him if he waived the examining trial, and he nodded his head but he did not open his mouth."

The sheriff, called by the State, testified thus:

"I am sheriff of Victoria County. I am now and have been investigating this man and another by the name of Roper Hall for robbery with firearms. I am still investigating it."

The appellant was incarcerated on the 8th day of September, 1930. The grand jury will not assemble until the 17th day of November, 1930. The hearing took place before the district judge on the 20th of September. No evidence was introduced except that hereinabove set out in substance, namely, that of the Justice of the Peace and the Sheriff, and the commitment issued by the Justice of the Peace.

Art. 152, C. C. P., 1925, reads as follows:

"The judge or court before whom a person is brought by writ of habeas corpus shall examine the writ and the papers attached to it; and, if no legal cause be shown for the imprisonment or restraint, or, if it appear that the imprisonment or restraint, though at first legal, cannot for any cause be lawfully prolonged, the applicant shall be discharged."

Art. 136, C. C. P., reads thus:

"Where a person has been committed to custody for failing to enter into bond, he is entitled to the writ of habeas corpus, if it be stated in the petition that there was no sufficient cause for requiring bail, or that the bail required is excessive. If the proof sustains the petition, it will entitle the party to be discharged, or have the bail reduced."

Art. 259 of the same code is as follows:

"Upon examination of one accused of a capital offense, no magistrate other than a judge of the Court of Criminal Appeals, district court or county court, shall have power to discharge the defendant. Any magistrate may admit to bail, except in criminal cases where the proof is evident."

We gather from the record that the accused is a negro boy.

Attention has been drawn to the case of Ex parte Villareal, 187 S. W. 214, wherein the accused was charged by complaint with robbery, but not a capital offense. He waived an examination be-· fore the Justice of the Peace. His bond was fixed at $500.00, and he was released upon the execution of the bond. He afterwards applied for a writ of habeas corpus for a release, and in the alternative for a reduction of his bond. From the opinion of this court sustaining the order of the court below refusing to release the accused, we take the following quotation:

"There was no evidence introduced on the trial as to the facts attending the robbery or theft. So the case stands upon the papers. * * * The rule, generally stated, with reference to matters involved is that where there is cause or probable cause for believing an offense has been committed the court may hold the party for an investigation by the grand jury. The burden of proof in habeas corpus trials of this character is upon the State, and it must show probable cause for holding the arrested party. Where there is no evidence introduced, the court, of course, must act upon the case as presented."

To sustain the contention of the appellant on the present record, it will be unnecessary to challenge the correctness of the ruling in the Villareal case. Villareal was not charged with a capital offense. The magistrate had the authority to discharge him. The present is a capital case, and the magistrate was without authority to discharge the accused. In the Villareal case no evidence was introduced. The contrary is true, as shown by the present record. Apparently Villareal was at liberty, having executed a bond. The habeas corpus is to discharge one who is restrained. Villareal was not confined, as the record in the case is understood. In the present instance, the appellant seems to have brought himself directly within the purview of the statutory provisions which are quoted above. It seems illogical to contend that by waiving the examining trial before the Justice of the Peace who had no power to discharge the appellant, he waived his right to a discharge on a habeas corpus hearing in a court which did have the power to discharge him. As stated by Judge Davidson, "when one is held in custody under a complaint and seeks release, it is incumbent upon the State to introduce against him sufficient evidence to show probable cause for holding him." Ex parte Villareal, supra. The statute (Art. 158, C. C. P.), is to the same effect. It reads thus:

"Where, upon an examination under habeas corpus, it appears to the court or judge that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged, but shall be committed or admitted to bail."

It has been held that where one is charged with an offense by complaint in the magistrate court, the jurisdiction of the district court to act upon an application for a writ of habeas corpus cannot operate until after the magistrate acts. Robertson v. State, 36 Tex. Rep. 346; Ex parte McCorkle, 29 Tex. Ct. App. 20; Church on Habeas Corpus, Sec. 90.

The only evidence found in the present record which is regarded as an attempt by the State to discharge the burden of proof mentioned is the testimony of the sheriff. From his testimony it does not appear that an offense has been committed; nor where it is thought to have been committed; nor that there is any evidence to identify the accused as the perpetrator of an offense. At the time the testimony was given, some twelve days after the appellant was incarcerated, the witness failed to state that his investigation resulted in the discovery of any incriminating fact against the appellant. The circumstance that the sheriff failed to disclose any evidence known at the time of the appellant's arrest and incarceration or discovered in the time intervening, notwithstanding the investigation by the sheriff, and there being no other witness called by the State to discharge the burden of proving the existence of facts from which it appeared that the appellant was guilty of any criminal act, the record is deemed bare of any proof which would justify the trial court in refusing to discharge the accused as required by the articles of the Code of Criminal Procedure quoted above.

The judgment is reversed and appellant ordered discharged.

*Judgment reversed and appellant ordered discharged.*

HAWKINS, J., absent.