EX PARTE ERNEST THOMAS.

No. 14053.   Delivered November 19, 1930.
Reported in 32 S. W. (2d) 836.

The opinion states the case.

*Searcy & Hodde* of Brenham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—This is an appeal from an order refusing to release appellant on a writ of habeas corpus.

Appellant was held by virtue of a commitment issued by a justice of the peace after an examining trial upon a complaint charging him with murder. After commitment he made application to the district judge for a writ of habeas corpus, wherein he sought to be discharged. After a hearing upon the writ, bail was granted in the sum of five hundred dollars. It was shown upon the hearing that after his commitment appellant had made every effort to give bond, but that he had been unable to procure satisfactory sureties. Upon the hearing the State failed to introduce against appellant any evidence to show probable cause for holding him. On the contrary, the evidence on the part of the State showed that another killed the deceased by stabbing him with a knife after a sudden difficulty had arisen between them; that appellant was a mere bystander at the time the difficulty arose; that he took no part in the affray; that he had not entered into a conspiracy with the assailant of deceased to commit the offense. In short, the evidence introduced by the State affirmatively showed that appellant had no criminal connection with the death of deceased.

It is the rule that "when one is held in custody under a complaint and seeks release, it is incumbent upon the State to introduce

against him sufficient evidence to show probable cause for holding him." Ex parte Villareal, 187 S. W. 214. Art. 136, C. C. P., reads as follows:

"Where a person has been committed to custody for failing to enter into bond, he is entitled to the writ of habeas corpus, if it be stated in the petition that there was no sufficient cause for requiring bail, or that the bail required is excessive. If the proof sustains the petition, it will entitle the party to be discharged, or have the bail reduced."

In the case of Ex parte Lilburn Guynn, 32 S. W. (2d) 187, the accused had been held by the justice of the peace to await the action of the grand jury and allowed bail in the sum of five hundred dollars. Charged by complaint with the offense of robbery, he had waived the examining trial. Thereafter he sought his release by writ of habeas corpus upon the ground that there existed against him no sufficient cause for confining him in jail. The State failed to offer any proof showing probable cause for holding the accused. In ordering his discharge, Presiding Judge Morrow said:

"It seems illogical to contend that by waiving the examining trial before the justice of the peace who had no power to discharge the appellant, he waived his right to a discharge on a habeas corpus hearing in a court which did have the power to discharge him. As stated by Judge Davidson, 'when one is held in custody under a complaint and seeks release, it is incumbent upon the state to introduce against him sufficient evidence to show probable cause for holding him.' * * * The circumstance that the sheriff failed to disclose any evidence known at the time of the appellant's arrest and incarceration or discovered in the time intervening, notwithstanding the investigation by the sheriff, and there being no other witness called by the State to discharge the burden of proving the existence of facts from which it appeared that the appellant was guilty of any criminal act, the record is deemed bare of any proof which would justify the trial court in refusing to discharge the accused as required by the articles of the Code of Criminal Procedure above quoted."

Giving effect to the principle controlling, the opinion is expressed that appellant is entitled to be discharged.

The judgment is reversed and appellant ordered discharged.

*Judgment reversed and appellant ordered discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.