EX PARTE HENRY WRIGHT.

No. 20921. Delivered January 31, 1940.

The opinion states the case.

*H. D. Stringer,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

This is an appeal from an order of the district court of Hall County remanding the relator to jail until and when he should post a $1000 bond.

From the record it is made to appear that on December 4, 1939, a complaint was filed against relator, charging him with

the offense of burglary. On the same day he was placed in jail by virtue of a warrant of arrest directed to the sheriff. On December 16th application was made to the district judge for a writ of habeas corpus; the writ was issued and a hearing had on December 19th. The State offered the complaint and warrant of arrest and rested.

Appellant insists that by virtue of Art. 233, C. C. P., and related statutes, he is entitled to his release by *this* court. In order to clearly show the conclusion necessary to be reached, it will be necessary to set out a few of the statutes relative to an accused's rights upon arrest. Art. 218, C. C. P. provides: "A 'warrant of arrest' is a written order from a magistrate directed to a peace officer or some other person specially named, commanding him to take the body of the person accused of an offense, to be dealt with according to law."

Art. 233, C. C. P. provides: "The officer, or person executing a warrant of arrest, shall take the person whom he is directed to arrest forthwith before the magistrate who issued the warrant, or before the magistrate named in the warrant."

Art. 245, C. C. P. provides: "When the accused has been brought before a magistrate, that officer shall proceed to examine into the truth of the accusation made, allowing the accused, however, sufficient time to procure counsel."

The relator offered the testimony of the justice of the peace before whom the complaint was filed, who testified that he had been available in his office at all times since December 4th for an examining trial in this cause, and that a warrant for the arrest of the relator was issued on December 4, 1939, the same day the complaint was filed. That no commitment had ever been issued to the sheriff, and no bond fixed for Henry Wright (relator). The county attorney, Carl Periman, testified that Henry Wright and another were brought before him on December 4, 1939. The justice of the peace was present during part of the time he was talking to the boys. He took written statements from each of them. The statements were not sworn to, and the justice of the peace did not certify to the statements as an examining magistrate.

It appears from this record that on December 4, 1939, the sheriff of Hall County received a warrant of arrest directing him to arrest Henry Wright and another and bring them before the justice of the peace of precinct No. 1, Hall County, Texas, instanter to answer a complaint charging the offense of burglary. It also appears that the sheriff executed such

352

warrant on the same day by arresting Henry Wright and another, and placing them in jail on the same day the warrant was issued. The proof further shows that relator remained in jail from December 4th to December 16th, at which time he sued out this writ of habeas corpus, and that on December 19th this hearing was had and bail granted in the sum of $1000.

The only proof offered by the State was the complaint and warrant of arrest. The question that now arises is: Is such proof sufficient to overcome the presumption of innocence that surrounds the accused?

Art. 155, C. C. P. provides, in the hearing of a habeas corpus writ, that "No presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority."

We think the case of Ex parte Guynn, 116 Texas Crim. Rep. 121, 32 S. W. (2d) 187, seems to be in point. In that case, when the relator was brought before the district judge, the commitment appeared to be regular in form, and was introduced, showing a waiver of an examining trial, and the holding of relator to answer to the grand jury in a bond for $500.00. The only testimony, save the papers in the case, was that of the sheriff who testified as follows: "I am sheriff of Victoria County. I am now and have been investigating this man and another by the name of Roper Hall for robbery with firearms. I am still investigating it."

Judge Morrow wrote in that case as follows: "The only evidence found in the present record which is regarded as an attempt by the state to discharge the burden of proof mentioned is the testimony of the sheriff. From his testimony it does not appear that an offense has been committed; nor where it is thought to have been committed; nor that there is any evidence to identify the accused as the perpetrator of an offense. At the time the testimony was given, some twelve days after the appellant was incarcerated, the witness failed to state that his investigation resulted in the discovery of any incriminating fact against the appellant. The circumstance that the sheriff failed to disclose any evidence known at the time of the appellant's arrest and incarceration or discovered in the time intervening, notwithstanding the investigation by the sheriff, and there being no other witness called by the state to discharge the burden of proving the existence of facts from which it appeared that the appellant was guilty of any criminal act, the record is deemed bare of any proof which

would justify the trial court in refusing to discharge the accused as required by the articles of the Code of Criminal Procedure quoted above."

. It was also stated in such opinion that: "As stated by Judge Davidson: 'When one is held in custody under a complaint and seeks release, it is incumbent upon the State to introduce against him sufficient evidence to show probable cause for holding him.' Ex parte Villareal, 80 Texas Crim. Rep. 23, 187 S. W. 214."

Also see Article 158, C. C. P. as follows: "Where, upon an examination under habeas corpus, it appears to the court or judge that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged, but shall be committed or admitted to bail."

It will be noted that the provisions of Article 233, C. C. P., have been entirely disregarded herein. This provides that a person held under a warrant of arrest shall be *forthwith* taken before a magistrate. The word "forthwith" has been held to mean within a reasonable time, without unnecessary delay. Schreiner v. Hutter, 177 N. W. 826, 104 Neb. 539; also with reasonable promptness and dispatch. State v. Montgomery, 212 P. 341, 28 N. M. 344.

It will be herein noted, however, that relator was never taken before the officer issuing the warrant; that there was never any examining trial had nor waived; no commitment issued, and no bond ever fixed until the hearing on this writ of habeas corpus, although relator was confined in jail for a period of twelve days before the writ was granted, and for a period of fifteen days without any bond having been fixed.

For the failure of the State to discharge the burden of proof herein, and in line with the case of Ex parte Guynn, supra, this judgment is reversed and the relator ordered discharged.