**Ex parte Arturo GARCIA.**

No. 53074.

Court of Criminal Appeals of Texas.

Feb. 16, 1977.

Rehearing Denied March 16, 1977.

Miguel Solis, El Paso, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, Davidson Smith, Asst. County Atty., El Paso for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order of the Judge of the County Court at Law No. 2 of El Paso County refusing to discharge appellant after a hearing on his application for writ of habeas corpus.

Appellant contends that the State failed to introduce sufficient evidence to show

probable cause for his continued detention. The record reflects that Garcia was arrested and charged by complaint and information with the offense of reckless conduct, V.T.C.A., Penal Code Sec. 22.05, a Class B misdemeanor.

The evidence introduced by the State consisted solely of the complaint and information filed against Garcia and the capias that was issued thereon. Art. 23.04, V.A.C.C.P. Garcia produced no evidence.

Appellant relies on *Ex parte Wright*, 138 Tex.Cr.R. 350, 136 S.W.2d 212. In that case the accused petitioner challenged the existence of probable cause for his confinement. The State showed a complaint and warrant of arrest, but nothing more. With reliance on Art. 155, C.C.P. (1925), now Art. 11.43, V.A.C.C.P., which provides that in the hearing of a habeas corpus writ, "No presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority", the Court in *Wright* found the complaint and arrest warrant insufficient to show probable cause for confinement and ordered the petitioner discharged.

The State relies on *Ex parte Livingston*, 155 Tex.Cr.R. 218, 233 S.W.2d 503. Specifically, the State relies upon that portion of the opinion in *Livingston* that states what evidence was not presented:

"Upon the hearing of the writ, the state introduced in evidence three complaints showing that appellant was charged with three separate violations of the liquor laws of this state. No information upon these complaints was offered in evidence. No capias or warrant of arrest upon the complaints was shown."

In *Livingston* the petitioner was ordered discharged upon authority of *Wright*, supra, the Court stating:

"In *Ex parte Wright*, 138 Tex.Cr.R. 350, 136 S.W.2d 212, the rule is announced that when one is held in custody, under complaint, and seeks release by habeas corpus, it is incumbent upon the state to introduce against him sufficient evidence to show probable cause for holding him in custody."

The State argues from the Court's statement in *Livingston* of what instruments were not introduced in that case (i. e., no information and no capias or warrant of arrest) that introduction of those instruments would be sufficient to meet the State's burden to show probable cause. We find the language in the *Livingston* opinion does not admit of such a construction.

If the complaint alone is insufficient, as it is, then the prosecutorial act of filing an information upon that complaint (Art. 21.-20, V.A.C.C.P.) adds nothing in the way of evidence of probable cause to believe the accused to be guilty of a criminal act. Likewise, the issuance of a capias upon a misdemeanor charge, being a ministerial act (Art. 23.04, V.A.C.C.P.), adds nothing toward the proof of facts showing probable cause.

We find *Ex parte Wright*, supra, controlling, and hold appellant is entitled to be discharged.

The concurring opinion in this case, expressing the views of two members of this Court, raises serious issues that deserve a response. The position taken in that opinion would rest the decision in this case and all like it solely upon the sufficiency of the allegations in the criminal accusation (the complaint and information in this case) to show probable cause, despite the mandate of Article 11.43, supra, and would diminish protections erected by the citizens of Texas to safeguard their liberties.

After acknowledging that *Ex parte Wright*, supra, would require the discharge of petitioner under controlling State law that remains on the statute books today as it was in 1940, the concurring position would dismantle the requirements of that State law with the observation, "While the decision in *Wright* was correct, it should be remembered that much water has passed under the bridge since that decision." Although evolving federal constitutional standards are evidenced by the United States Supreme Court decisions cited by the concurrence, the State law foundation for

*Wright* remains unrepealed on the statute books.

■ Article 11.43, V.A.C.C.P. (Art. 144, V.A.C.C.P. (1925) at the time of *Wright*), still mandates that in a habeas corpus proceeding, "No presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority." Despite how sparse or how abundant the probable cause stated in a complaint and information, the fact remains that the information is a criminal accusation within the prohibition of Art. 11.43. See Art. 21.20, V.A.C.C.P.

■ The issue before the Court is not one of probable cause to issue a warrant for arrest. Petitioner, after an unchallenged and presumably valid arrest, challenges the existence of probable cause for his continued detention to answer the criminal accusation. By definition, it would appear axiomatic that a challenge to probable cause to hold to answer such an accusation cannot be defeated by the mere showing of the existence of such an accusation. Article 11.43 by its terms confirms this axiom by legislative mandate, and has done so in similar form since the 1856 Code of Criminal Procedure. Petitioner was entitled to a judicial determination of the existence of probable cause to hold him to answer the criminal accusation against him.

*Barnes v. Texas*, 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818 (1965) is cited in the concurring opinion for the proposition that "The affidavit or complaint must set forth a sufficient basis upon which an independent finding of probable cause can be made by the magistrate *before the issuance of an arrest warrant.*" (Emphasis added.) Petitioner, as stated above, does not challenge the probable cause for issuance of a warrant for arrest, nor for his arrest: he challenges probable cause for his *continued detention.*

■ It is well established that there are different standards for sufficient probable cause that vary according to the degree of infringement of personal liberty: less is required for a temporary detention for purposes of further investigation than is re-

quired for a full custodial arrest. Likewise, probable cause for issuance of a warrant to arrest does not necessarily satisfy the standard required for continued detention to answer the charge when such detention is challenged by habeas corpus.

■ Chapters 14 through 17 of the Code of Criminal Procedure govern arrest, commitment and bail; i. e., the decision-making process pursuant to which the State takes a citizen into custody and determines what restraints should or should not be placed on him after arrest. The State performs these functions through two agents: the peace officer and the magistrate. The peace officer has some discretion, but the primary and ultimate decision to restrict the citizen's liberty must be made by a neutral and detached magistrate. This fact is fundamental to our system of criminal justice. Whether the arrest is made with or without warrant, one of the arresting officer's first duties after arrest is to have the arrested person taken before a magistrate (Arts. 14.06, 15.16, 15.17, V.A.C.C.P.), and the magistrate must then inform the accused of his right to an examining trial (Art. 15.17, supra).

■ Chapter 16 governs the examining trial, which is a proceeding "to examine into the truth of the accusation made" (Art. 16.01, V.A.C.C.P.). It is clear from the provisions of this chapter, from those of the preceding chapter, and from the very language stating the purpose of the examining trial, that the truth of the accusation may not be based upon the accusation alone: such a conclusion, if valid, would render the examining trial a useless thing, a mere re-enactment of the earlier determination of whether the arrest warrant should issue. In contrast to this principle being an implied underpinning of the examining trial process, when probable cause for continued detention is challenged by habeas corpus, the same principle is stated expressly in Art. 11.43, supra, to-wit: "No presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority." In habeas corpus, as at an examining trial, to allow the contin-

ued commitment to rest solely upon the original accusation is to render the hearing a useless thing. The purpose of such a hearing would then be equally satisfied by merely attaching the affidavit to the respondent's return, and dispensing with the hearing altogether. The issue would be reduced to one of whether a lawful arrest warrant had issued, rather than whether probable cause for his continued detention existed independently of the accusation (Art. 11.43, supra).

The concurrence's position, then, would effectively repeal Art. 11.43 and, in instances where a valid arrest warrant or capias on complaint and information was issued, render meaningless the mandate of Art. 1.08, V.A.C.C.P., and Section 12 of the Texas Bill of Rights (Art. 1, Sec. 12, Texas Constitution) declaring "The writ of habeas corpus is a writ of right, and shall never be suspended."

The concurring position, by abandoning applicable State statutes in deference to less stringent federal constitutional standards, would deprive the citizens of Texas of the protections secured them through acts by their representatives in the Texas Legislature through repeal by decree of the dictate of Article 11.43, supra, and would allow the Great Writ to be suspended by holding that any citizen may be held in confinement for trial solely on the basis of an ex parte affidavit.

By authority of Article 11.43, supra, the evidence in this case is insufficient as a matter of State law to discharge the State's burden. We conclude that the State has failed "to discharge the burden of proving the existence of facts from which it appeared that the appellant was guilty of any criminal act . . . ." *Ex parte Guynn*, 116 Tex.Cr.R. 121, 32 S.W.2d 187.

The judgment of the trial court is reversed and petitioner is ordered discharged.

ONION, Presiding Judge, concurring.

The question presented by this appeal is whether the introduction alone of an affidavit, information and capias issued at a habeas corpus hearing is sufficient to detain an individual accused of a misdemeanor who challenges his detention by application for habeas corpus.[1]

The record reflects that the State offered only the complaint and information filed against the appellant and the capias subsequently issued. See Article 23.04, Vernon's Ann.C.C.P. The appellant offered no evidence, but contended the evidence offered by the State was not sufficient to show probable cause for his continued detention.

Article 11.46, Vernon's Ann.C.C.P., provides:

"Where, upon an examination under habeas corpus, it appears to the court or judge that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged, but shall be committed or admitted to bail."

In a habeas corpus proceeding to test the legality of an arrest and detention, the State has the burden of showing the lawfulness thereof, and unless that is shown the applicant is entitled to his discharge. *Ex parte Hagler*, 161 Tex.Cr.R. 387, 278 S.W.2d 143 (Tex.Cr.App.1955); *Ex parte Wright*, 138 Tex.Cr.R. 350, 136 S.W.2d 212 (1940).

When one is held in custody under a complaint and seeks release, it is incumbent upon the State to introduce against him sufficient evidence to show probable cause of holding him. *Ex parte Villareal*, 80 Tex.Cr.R. 23, 187 S.W. 214 (1916); *Ex parte Guynn*, 116 Tex.Cr.R. 121, 32 S.W.2d 187 (1930).[2]

The appellant relies upon *Ex parte Wright*, supra, in which the only evidence offered by the State to show probable cause

---

1. In *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Supreme Court of the United States held that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint on liberty following arrest.

2. In a hearing on a writ of habeas corpus the State is not required to call all its witnesses and develop its entire case. *Moses v. State*, 168 Tex.Cr.R. 409, 328 S.W.2d 885 (1959).

for detention was the complaint charging burglary and the warrant of arrest. Noting the provisions of then Article 155, Vernon's Ann.C.C.P., 1925 (now Article 11.43, Vernon's Ann.C.C.P., 1965, unchanged) that "no presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority" and relying upon the decision in *Ex parte Guynn*, supra, this court found that the complaint and arrest warrant were insufficient to show probable cause for confinement and ordered the petitioner Wright discharged.

The State calls our attention to *Ex parte Livingston*, 155 Tex.Cr.R. 218, 233 S.W.2d 503 (1950), where upon a hearing of writ of habeas corpus the State only introduced into evidence three complaints charging three separate violations of the liquor laws. The opinion noted "No information upon these complaints was offered in evidence. No capias or warrant of arrest upon the complaints was shown." The State seizes upon this language to argue that if the informations and arrest warrant had been introduced the evidence would have been sufficient to have detained Livingston. We cannot agree with such construction. The court in *Livingston* relied upon the authority of *Ex parte Wright*, supra, noting that the *Wright* opinion held it was incumbent upon the State to introduce against an individual held in custody upon a complaint sufficient evidence to show probable cause for holding him in custody.

If the affidavit or complaint, like the ones in *Wright* and *Livingston*, do not state

probable cause itself, then it alone is insufficient. The mere filing of an information based upon such complaint [3] adds nothing in the way of evidence of probable cause. Likewise, the ministerial act of the issuance of a capias or warrant of arrest adds nothing toward the proof of facts showing probable cause.

In light of the foregoing, I concur in the result reached by the majority, but I do so on the basis that the affidavit or complaint upon which the information was based does not on its face reflect probable cause.[4] If the affidavit or complaint in the instant case had stated probable cause, then a different result would be called for. While the decision in *Wright* was correct, it should be remembered that much water has passed under the bridge since that decision. In *Barnes v. Texas*, 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818 (1965), the United States Supreme Court, in light of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Giordenello v. United States*, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), held that the affidavit or complaint must set forth a sufficient basis upon which an independent finding of probable cause can be made by the magistrate before the issuance of an arrest warrant. This is at least an essential requirement as to the admissibility of the fruits of any search incident to the execution of such arrest warrant. In this regard there is no difference between the requirements for the issuance of arrest and search warrants. *Whiteley v. Warden of Wyoming Penitentiary*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *Lowery v. State*, 499 S.W.2d 160, 162 (Tex.Cr.App.1973).

---

3. See Article 21.20, Vernon's Ann.C.C.P.

4. Said affidavit reads:
   "I, J. Martinez, do solemnly swear that I have good reason to believe and do believe that heretofore, to wit, on or about the 4 day of June A.D. 1976, in the County of El Paso, State of Texas, Arturo Garcia, Mario Gonzalo Ortega Ramirez, and Juan R. Ortega, acting together did then and there recklessly engage in conduct that place (sic) George Foster in imminent danger of serious bodily injury by then and there pointing a knife at the said

   George Foster, against the peace and dignity of the State."
   The affidavit was signed and sworn to by J. Martinez. The affidavit does not reflect that the affiant's belief was based on personal knowledge or whether it was based on hearsay information received from another unidentified source. If it was the latter, the affidavit does not reflect how the unidentified source received his information. The affidavit does not reflect probable cause. See *Lowery v. State*, 499 S.W.2d 160 (Tex.Cr.App.1973).

At the time of the decision in *Ex parte Wright*, supra, it was not the normal practice to have the affidavit or complaint for the issuance of an arrest warrant or capias reflect probable cause as we now understand it. Further, even since the decisions in the foregoing cases, this court has held that the rules relating to the necessity of stating facts constituting probable cause in a complaint or affidavit for issuance of a warrant of arrest used as a basis for a search, or for the issuance of a search warrant, have no application to a complaint made for the purposes of prosecution only. *Vallejo v. State*, 408 S.W.2d 113 (Tex.Cr. App.1966); *Cisco v. State*, 411 S.W.2d 547 (Tex.Cr.App.1967); *Aguirre v. State*, 416 S.W.2d 406 (Tex.Cr.App.1967); *Chapa v. State*, 420 S.W.2d 943 (Tex.Cr.App.1967); *Lujan v. State*, 428 S.W.2d 336 (Tex.Cr.App. 1968); *Dusek v. State*, 467 S.W.2d 270 (Tex. Cr.App.1971); *Lowery v. State*, 499 S.W.2d 160 (Tex.Cr.App.1973); *Wells v. State*, 516 S.W.2d 663 (Tex.Cr.App.1974). It has been said that requisites of an affidavit or complaint to support a prosecution under an information are not as stringent as the requirements of an affidavit or complaint for a search warrant, *Wells v. State*, supra, and that the purpose of such complaint filed for prosecution only is to apprise the accused of facts surrounding the offense with which he is charged to permit him to prepare defense to such charge. *Chapa v. State*, supra.

As a result of the former practice and this court's ruling that the complaint for the issuance of an arrest warrant need not state probable cause where used for the purposes of prosecution only as well as the problem of draftmanship in the filing of affidavits so as to reflect adequate probable cause, many of such affidavits filed do not reflect probable cause. Where such an affidavit not reflecting probable cause is used in connection with an information based thereon and the capias issued are the *sole* basis for detaining a petitioner at a habeas corpus application hearing, the petitioner is entitled to be discharged.

If, on the other hand, the affidavit or complaint states probable cause and it is properly introduced, the petitioner is not entitled to be discharged. To this extent, in my opinion, the decision in *Wright* should be modified.

While Article 11.43, supra, provides that in habeas corpus proceedings "No presumption of guilt arises from the *mere fact* that a criminal accusation has been made before a competent authority" (Emphasis supplied), the introduction of an affidavit or complaint reflecting on its face probable cause demonstrates far more than the mere fact of accusation.

For the reasons stated, I concur.

DOUGLAS, J., joins in this concurrence.