**Ex parte Linda BRESCO.**

**Ex parte Jerry BRESCO.**

**Nos. 58308, 58309.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 15, 1978.

Geoffrey Gay, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and Ronald G. Knight, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

VOLLERS, Judge.

This is an appeal from a hearing on an application for writ of habeas corpus. At the hearing before the trial court counsel appearing with the petitioners stipulated that there was an outstanding warrant in the Justice of the Peace court for their arrest in an extradition matter. The record reflects that he did not agree that it was a valid warrant, nor was there any other evidence introduced showing why the petitioners were being detained.

■ At the hearing of this matter before the district court there was argument by counsel for both petitioners and the State, but no evidence was introduced other than the stipulation that there was a warrant for their arrest in the Justice of the Peace court. The transcript in this cause before this Court reflects that there are copies of a capias issued in the State of Florida for Linda Bresco and an information filed in the circuit court in and for Sarasota County, Florida, charging Linda Bresco with removal of a child from the state contrary to court order. The record also reflects a fugitive complaint against Linda Bresco alleging that she is a fugitive from justice from the State of Florida, but it does not show that this was filed in any court. The record also contains a restraining order and order to show cause issued from the circuit court of Sarasota County, Florida, involving Linda Bresco. The statement of facts from the hearing of this matter before the district court fails to reflect that any of these instruments were offered in evidence in any manner and they will not be considered on appeal.

■ Even if we assume that there was a valid warrant from the Justice of the Peace court charging the petitioners with being fugitives from justice such a showing is insufficient to establish probable cause for such detention. *Ex Parte Wright*, 138 Tex. Cr.R. 350, 136 S.W.2d 212 (1940). Cf. *Ex Parte Garcia*, 547 S.W.2d 271 (Tex.Cr.App. 1977).

■ Since this record does not reflect that the State has shown a valid reason why petitioners should be restrained of their liberty, the relief which they request is granted and they are ordered discharged from custody.