WRIT NO. W08-60213          77,138-29

EX. PARTE

SENRICK WILKERSON

IN THE CRIMINAL

DISTRICT COURT NO. 3

DALLAS COUNTY, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 15 2015

~~INMATE'S~~ ~~APPLICATION~~ DECLARATION OF SENRICK WILKERSON

"I, Senrick Wilkerson, TDCJ No. do state ~~the following~~ Facts concerning F08-60213 Compelling prostitution, F10-01183 Sexual Performance by a child & F10-01184 Sexual Assault on a Child, in reference to the above-captioned case:

I am the Applicant in the above cause, and cases mentioned, and on 12/17/2010, the motion for new trial was received by the Dallas County District Clerk's office. The Judicial Information documents from cause Nos. F08-60213, F10-01183 & F10-01184 will show that the motion for new trial was filed on 12/17/2010, documented under MOTIONS. On January 5, 2011, the motion was circled granted, and signed by a Judge under ORDER. I was never once informed about any hearings in regards to this granted motion for new trial, and I was never forwarded the court Reporter's record, or the trial transcripts. It was not until June of 2014, when I received a copy of the incomplete Clerk's record, from ineffective appeals lawyer, Michael Mowla whom was assigned by Judge Gracie Lewis. The Clerk's record that I received was from cause Nos. F10-01183 & F10-01184, which included a copy of the granted motion for new trial.

The Court of Appeals in Dallas never aquired JURISDICTION over cause Nos. F08-60213, F10-01183 & F10-01184 due to the fact that on January 5, 2011, the motion for new trial was granted. Dallas County District Attorney's office does not have JURISDICTION over cause Nos. F10-01183 & F10-01184 due to the fact that my due process of law rights were violated under the 5TH, 6TH & 14TH Amendments to the U.S. Const. I was deprived of being arrested, arraigned, taken before a magistrate judge, and giving an opportunity to post bail. Simply because I was never once arrested or arraigned for both tainted sex offenses. But Dallas County is showing four (4) different arrest dates for them.

I, Senrick Wilkerson, being presently illegally incarcerated and held hostage in the Ramsey I Unit, declare under penalty of perjury that, according to my belief, the facts stated in this document are true and correct."

_____
SENRICK WILKERSON

May 12, 2015
_____
DATE

EX PARTE

SENRICK WILKERSON

IN CRIMINAL DISTRICT
COURT NO. 3
DALLAS COUNTY, TEXAS

APPLICANT's MOTION TO VACATE THE JUDGMENTS DUE
TO STATE'S VIOLATION OF DUE PROCESS & FILINGS OF
FRAUDULENT DOCUMENTS

COMES NOW,SENRICK WILKERSON, APPLICANT pro se in the above styled and causes, and files this, his Motion to Vacate the Judgments due to State's violation of Due Process & Filings of Fraudulent Documents, respectfully showing the Court as follow:

I.

Dallas County District Courts continues to allege that F10-01183 Sexual Performance by a Child & F10-01184 Sexual Assualt on a Child, are companion cases to F08-60213 Compelling Prostitution, which is totally untrue. The facts are simply this. Applicant was never once arrested, never once taken before any magistrate judge, never once given any opportunity to post bail, never once informed of any rights to an examining trial or counselor, never read any Miranda Rights, and never once partipat -ed in any first preliminary intial appearances for cause numbers F10-01183 & F10-01184, asrequired by Texas Law. See ART.15.17 CODE CRIM. PROC. Such actions totally violated Apllicant's due process and again, it must be repeated that Applicant was never once arrested and never once arraigned for both tainted sex offenses.

The Fourteenth Amend. to the United States Constitution provide that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const.Amend.XIV 1. Applicant demonstrates that he possess a constitutionally protect -ed interest in life, liberty or property, and that the State's actions has deprived him of that interest, because Applicant was out of jail on bond for two(2) years for F08-60213 Compelling Prostituion & F08-60222 AGG. Promotion of Prost. The record shall totally support this statement. However, Applicant was never arrested or arraigned for cause NOS. F10-01183 & F10-01184; And by Dallas County fraudulently forging documents showing four(4) different arrest dates for both tainted sex offenses, evidences Applicant's demonstrations that he was deprived of his life, liberty, and property. See Valmonte V. Bane, 18 F.3d 992,998(2nd Cir.1994).

The Supreme Court has stated that procedural due process claims are to be examined "in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the state, second examines wether the procedur -es attendant upon that deprivation were constitutionally suffici -ent." See Kentucky Dept. of Corrections V. Thompson, 490 U.S. 454,460 109 S.ct.1904,104 L.Ed. 2d 506(1989)(citations omitted).

II.

Dallas County District Clerk's office is fraudently showing these four(4) different arrest dates from F10-01183 Sexual Performance CH & F10-01184 Sexual Assault CH:
1. The JUDGMENT OF CONVICTION BY JURY & NOTICE OF DISPOSITION

documents show the arrest date as 9/7/2008.

2. The Judicial Information & Criminal History Records documents show the arrest date as 12/17/2010.

3. A U.S. District Court magistrate judge, stated in his findings that the arrest was in September of 2010. See case NO. 3-11-cv-00659-B, page ID53.

4. The capias warrants show the arrest dates as Dec.23,2010.

These facts are proof of all fraudulently forged arrest dates from both tainted sex offenses which is included in the incomplete Clerk's record.

It must be repeated that the State is fraudulently showing four(4) different arrest dates from both tainted sex offenses. But the State can not provide any arrest reports, offense reports complaint affidavits, and no book-in sheet informations to support such fraud and falsifieded documents; When, Tex.Crim.Stat.Ann. ch.233 provides: The officer, or person executing a warrant of arrest, shall take the person whom he is directed to arrest forthwith before the magistrate who issued the warrant, or before the magistrate named in the warrant; Tex.Crim.Stat.Ann.Ch.233 provides that a person held under warrant of arrest shall be forthwith taken before a magistrate. The word "forthwith" has been held to mean within a reasonable time, without unnecessary delay. The only time that the State issued any arrest warrants for both tainted sex cases was on 11/29/2010, without the signature of any magistrate judge, or any name of any judge in the fraudulently forged warrants. These warrants were also dismissed by the District Attorney on 11/29/2010, but show an arrest date as Dec.23/2010, which is absolutely impossible due to the fact that Applicant was illegally convicted and sentenced on 12/17/2010. Tex.Crim.Stat.Ann.Ch. 218 provides: A "warrant of arrest" is a written order from a magistrate directed to a peace officer or some other person specially named, commanding him to take the body of the person accused of an offense, to be dealt with according to law.

In any event Applicant is entitled to his release where the State failed to take the Applicant before any magistrate who allegedly issued the arrest warrants upon the four(4) fraudulently forged arrest dates on the sexual performance by a child & sexual assault on a child charges. Applicant is entitled to his freedom by virtue of Tex.Crim.Stat.Ann.Ch. 233 and its related status. The State was required by Tex.Crim.Stat.Ann.Ch. 233 to take Applicant before a magistrate that allegedly issued the arrest warrants. See Ex parte Henry Wright, 138 Tex.Crim. 350; 136 S.W. 2d 212; 1940 Tex.Crim.App. LEXIS 62 No. 20921.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Court will immediately vacate the judgments due to the State's violation of his due process and the filings of the fraudulent arrest dates & documents.

" I, Senrick Wilkerson, being presently illegally incarcerated in the Ramsey I Unit, do state that the following facts above are true and correct under the penalty of perjury."

Respectfull submitted,

SENRICK WILKERSON PRO SE
TDCJ no. 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2015, the foregoing motion has been U.S. mailed to: Felicia Pitre District Clerk, 133 N. Riverfront Blvd., LB12, Dallas, Texas 75207 & The Court of Criminal Appeals, P.O. Box 12308, Capitol Station, Austin, Texas 78711.

SENRICK WILKERSON

## ORDER

The above MOTION TO VACATE THE JUDGMENTS DUE TO STATE'S VIOLATION OF DUE PROCESS & FILINGS OF FRAUDULENT DOCUMENTS is hereby: (granted / denied)

JUDGE PRESIDING

P.S.
Please safeguard my Liberty

SENRICK S. WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, Texas 77583


May 12,2015


Calvin D. Johnson
Attorney at Law
3131 McKinney Ave., suite 600
Dallas, TX 75204

c/o Lori Ordiway
Appeals counselor
P.O. Box 793991
Dallas, TX 75379

c/o Julie Doucet
Frank crowley Courts BLDG.
133 N. Riverfront Blvd., 9th FL.,LB
Dallas, TX 75207

c/o United States Supreme Court
Office of the Clerk
Washington, DC 20543-0001

c/o United States Court of Appeals
Fifth Circuit
Office of the Clerk
600 S. MAESTRI PL
New Orleans, Louisiana 70130

c/o State Bar of Texas
P.O. Box 12487
Capitol Station
Austin, TX 78711-2487


Dear Mr. Calvin D. Johnson, Mrs. Lori Ordiway & Mrs. Julie Doucet:

        GREETINGS to all....This the second letter that I have was
mailed to you, electing again, to contact you in regards to the
legal files which were generated as a result or your represent-
ation of me in F10-01183 Sexual Performance by a Child & F10-01184
Sexual Assault on a Child, styled State of Texas VS. Senrick
Wilkerson, in Criminal District Court NO.3; Although the illegal
trial was held in Auxiliary Court NO.7.

        In any event the documents, files, motions filed, and all
transcipts contains favorable documentation that will aid in my
research; and will be needed in order to perfect my claims, as I
begin the process of preparing a Habeas Corpus for 'Actual Innoc-
ence' pro se. Therefore, please again accept this letter as my
official request for such files, in regards to cause NOS.
F10-01183 & F10-01184:
1.  the probable cause information,
2.  the complaint affidavits,
3.  the Dallas Police Department's investigating files/notes,
4.  the investigating files/notes from defense counsel Calvin D.

Johnson,
5. the offense reports,
6. the arrest reports,
7. the sworn arrest affidavits,
8. the arraignments sheets,
9. the first preliminary intial appearance sheets,
10. the grand jury minutes from the indictments,
11. the brady material,
12. the discovery informations,
13. all motions that were filed by defense counsel Calvin D. Johnson,
14. the Court Reporter's record,
15. all pass slips for each alleged court appearances,
16. the transcipts of the hearing from 12/3/2010, held in CDC NO.3,
17. the copy of the contract agreement that was signed between me and Calvin D. Johnson, to represent me in both tainted sex offenses, and
18. an original copy of the District Attorney files & records.

Also, I am requesting the same in regards to the legal files which generated as a result of the reprentation of me by defense attorney Calvin johnson & appeals lawyer Lori Ordiway, from F08-60213 Compelling Prostitution, styled State of Texas VS. Senrick Wilkerson, in CDC NO.3.

LEGAL CONCLUSION & RULES

With the quantum of information known to me and from my research into this matter, I have found the following:
According, the "State Bar Rules of Professional Conduct" as set forth in V.T.C.A. Gov't Code, Title II, subtile 6, appendix A, art. x sec.9, Rule 1.15(d).
"[A]Lawyer shall not withdraw from employment until he/she has taken reasonable steps to avoid foreseeable prejudice to the rights of his/her client including...delivery of all papers and property which the client is entitled and comply with the law and rules applicable to such."
In RE GEORGE, 28 S.W. 3d 511,516(Tex.2000).

Also, see HEBISEN V. STATE, 615S.W. 2d 866,868(Tex.Civ.App.-Houston[1st Dist.]1981).
Futher, under Texas Laws, once any parties enter into a "Client Attorney" relationship, the two types of "fiduciary" the attorney owes "fiduciary" duties to the client. See SMUNPF Holdings, INC V. DEVORE,165 F.3d 360.
Texas Law recognizes two types of "fiduciary" relationships;
   (1) A formal fiduciary relationship which is arises as a matter of law and includes the relationship between attorney and lcient...
   [2nd omitted] WELLOGIX INC. ACCENTURE, LLP,788 F.Supp. 2d 523.
   "Fiduciary" as defined by (Blacks Law Dictionary 9th Ed.)
is "A person is required to act for the benefit of another person on all matters within scope of their relationship; one who owes to another person on all matters within scope of their relationship; one who owes to another the duties of good faith, trust, confidence and condor."

It is well established, the State Civil Courts as well as the Court of Criminal Appeals, Federal Cir. Courts, and the Fifth Circuit Courts have all, in clear syntax, stated that the records generated as a product of representation belong to the client, and under these laws, a client has a right to the return of his paper-(s) on request: See State Bar Rules, (Vernons) Ann.Civ.St., Title 114 App.art.12, sec.8 Code of Professional Resp.DR9-102(B)(4).

Again, it must be repeated that this is the second notice that has been mailed to all three(3) attorney's listed above. I trust that you will honor my request. Thanks in advance for your time and a very speedy response will be greatly appreciated.

Sincerely,

SENRICK WILKERSON

P.S.
Please safeguard my liberty........