CAUSE NOS. F10-01183 & F10-01184
77,138-40

SENRICK WILKERSON
TDCJ NO. 1885146,
    RELATOR

V.

DALLAS COUNTY DISTRICT CLERK:
FELICIA PITRE
IN HER OFFICIAL CAPACITY,
    RESPONDENT

IN THE CRIMINAL DISTRICT

COURT NO. 3

DALLAS COUNTY, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 18 2015

## PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SENRICK WILKERSON, RELATOR, pro se in the above-styled and numbered cause of action and files this Original Application for Writ of Mandamus, pursuant to Article 11.07 Section 3(C) of the Texas Code of Criminal Procedure, and would show the Court the following:

### I.
### RELATOR

SENRICK WILKERSON, TDCJ No. 1885146 is an offender illegally incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at Ramsey I Unit, 1100 FM 655, Rosharon, Texas 77583, of Brazoria County.

Relator filed for a Chapter 64 DNA testing in September of 2013, and that motion was denied in August of 2013. Relator filed a timely appeal and it took the District Clerk's office over eight (8) months to file the District Clerk's record in both cases above.

The act sought to be compelled is ministerial, not discretionary in nature. TCCP Art. 11.07 Section 3(C) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which finding was made, if the convicting court decides that there are no issues to be resolved. No copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by Respondent as required by statute, Relator would have received notice from the Court of Criminal Appeals.

### II.
### RESPONDENT

Respondent, Felicia Pitre, in her capacity as District Clerk of Dallas County, Texas has a ministerial duty to receive and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to TCCP Art. 2.21,

This document contains some
pages that are of poor quality
at the time of imaging.

and is responsible under TCCP 11.07 Sec. 3(c) to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made if the convicting court decides that there are no issues to be resolved. Felicia Pitre, District Clerk, Dallas County may be served at her place of business at 133 N. Riverfront Blvd, LB 12, Dallas, Texas 75207.

## III.

## VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

The Respondent violated Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure by failing to provide a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted.

Request for the transmittal of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made were made by Relator to Felicia Pitre, District Clerk, Dallas County, by U.S. mail, pursuant to Article 11.07 Section 3(c) of the Code of Criminal Procedure. Relator's appeal for his DNA Chapter 64 testing was affirmed. Relator elected not to file a PDR due to the fact that its never read. Therefore, in using cause No. F00-01183, the Relator filed his 11.07 writ, for his Chapter 64 DNA Testing August of 2015, and the Respondent failed to answer any of Relator's issues, and requested that the Court of Criminal Appeals order 'Writ Abuse' against Relator. Please note, Jurisdiction can be argued at any time and the Respondent continues to show prejudice against Relator by purposely failing to answer Relator's issues.

Relator has gone well beyond any requirement or obligations imposed upon him by the Texas Code of Criminal Procedure. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Article 11.07 Section 3(c), is acting in bad faith, and has also failed to afford Relator the professional and common courtesy of any written responses to his correspondence and requests. Including Relator's Nunc Pro Tunc Motions.

Article 11.07 Section 3(c) clearly states that "[I]f the convicting court decides that there are no such issues, the clerk shall immediately transmit all transcripts, complaint affidavits, offense reports, arrest reports, and any and all exhibits to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate

reciting the date upon which that finding was made. Failure of the Court to act within the allowed 20 days shall constitute such a finding." *Texas Code of Criminal Procedure Article 11.07 Sec. 3(c).* Respondent is in violation of this procedure, ministerial duties, and thus the laws of this State. see Exhibit 4.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDER, Relator, Senrick Wilkerson, pro se, respectfully requests a finding that the Respondent did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an Order directing Respondent to transmit copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(C) of the Texas Code of Criminal Procedure and as requested in Relator's Nunc Pro Tunc Motions, etc., and in his 11.07 Writ in cause NO. F10-01183 from the Chapter 64 DNA Testing denial.

Respectfully submitted,

By: _____
RELATOR

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, the foregoing document has been U.S. mailed to: Court of Criminal Appeals, P.O. Box 12308, Austin, TX 78711.

_____
SENRICK WILKERSON

The Fifth Amendment provides in part:

"No person shall...be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law..."

With regard to the Due Process Clause, the Fourteenth Amendment specifically applies the provision to state governments:

"No State shall make or enforce any law which shall....deprive any person of life, liberty, or property, without due process of law..."

These two amendments work together to give a basis for numerous writs.

ATTN: Court of Criminal Appeals;

I was never once arrested, never arraigned, and never taken before a magistrate judge for F10-01183 Sexual Performance by a Child & F10-01184 Sexual Assault on a Child. But Dallas County is showing four (4) different arrest dates for them. Huntsville Classification & Records is showing the arrest date as 9/7/2008. That's FRAUD. Why don't you ORDER the Dallas County District Attorney's office to forward you a copy of the original complaint affidavits, probable cause, offense reports, Police investigative files, Prosecution files & Grand Jury Minutes, arrest reports, book-in sheets, and arraignment info., from cause Nos. F10-01183 & F10-01184. What will you receive? Some lame excuse to why none of these documents exist! There are documents showing four (4) different arrest dates. There are documents showing that I was arraigned; that I was not arraigned; and that I waived my arraignments & defense counsel waived them! Don't you see the PROBLEM! Why are you siding up with Dallas County in these illegal misconducts of fraud, perjury, tampering, and falsifying government documents. ORDER me to go to Dallas County, and ORDER an Evidentiary Hearing, and watch how the corruptions will pore out.

SENRICK WILKERSON

EXHIBIT
A

SENRICK S. WILKERSON 1885146
Ramsey I Unit
1100 FM 655 TE-2-17T
Rosharon, TX 77583

November 9, 2015
Court of Criminal Appeals
P.O. Box 12308
Austin, TX 78711

c/o Felicia Pitre
District Clerk
133 N. Riverfront Blvd., LB12
Dallas, TX 75207

RE: Exhibit A

Dear Court of Criminal Appeals:

I am forwarding Exhibit A to you because Dallas County continues to LIE and claim that I don't file documents to them. LIARS! And I know that you will continue to agree with everything that they tell you. So, I am requesting that you date stamp the Motion Exhibit A, and fax it to Felicia Pitre District Clerk, of Dallas County, and Order that the Judge to rule on it. The Court of Appeals wrote to me, in a letter dated October 21, 2015, and stated that Dallas County said that I never filed a Motion for Nunc Pro Tunc, with them, LIARS! I mailed a copy of my Nunc Pro Tunc Motion with Dallas County District Clerk, and the Fifth Court of Appeals, at the same time. Its strange how the Court of Appeals received it, and not Dallas County District Clerk's office.

In any event I am mailing you a copy of Exhibit A, which is my motion for "To Vacate Judgments", and I am again asking you to date stamp it and fax a copy to Felicia Pitre District Clerk of Dallas County. Also, on November 2, 2015, I mailed another Motion for Nunc Pro Tunc to you and Dallas County District Clerk. They will LIE and claim that they didn't receive it. Thats why I mailed it to you also. I also mailed a copy of Exhibit A, to U.S. Fifth Circuit Court of Appeals.

Sincerely,
Senrick Wilkerson

CAUSE NOS. F08-60213- , F10-01183 &
F10-01184

EX PARTE                                    IN CRIMINAL DISTRICT
                                            COURT NO. 3
SENRICK WILKERSON                           DALLAS COUNTY, TEXAS


       APPLICANT's MOTION TO VACATE THE JUDGMENTS DUE

       TO STATE'S VIOLATION OF DUE PROCESS & FILINGS OF

       FRAUDULENT DOCUMENTS


          COMES NOW,SENRICK WILKERSON, APPLICANT pro se in the above
styled and causes, and files this, his Motion to Vacate the Judg-
ments due to State's violation of Due Process & Filings of
Fraudulent Documents, respectfully showing the Court as follow:

                                   I.
       Dallas County District Courts continues to allege that
F10-01183 Sexual Performance by a Child & F10-01184 Sexual
Assualt on a Child, are companion cases to F08-60213 Compelling
Prostitution, which is totally untrue. The facts are simply this.
Applicant was never once arrested, never once taken before any
magistrate judge, never once given any opportunity to post bail,
never once informed of any rights to an examining trial or
counselor, never read any Miranda Rights, and never once partipat
-ed in any first preliminary intial appearances for cause numbers
F10-01183 & F10-01184, asrequired by Texas Law. See ART.15.17 CODE
CRIM. PROC. Such actions totally violated Apllicant's due process
and again, it must be repeated that Applicant was never once
arrested and never once arraigned for both tainted sex offenses.
       The Fourteenth Amend. to the United States Constitution
provide that no person shall be deprived of life, liberty, or
property without due process of law. U.S. Const.Amend.XIV 1.
Applicant demonstrates that he possess a constitutionally protect
-ed interest in life, liberty or property, and that the State's
actions has deprived him of that interest, because Applicant was
out of jail on bond for two(2) years for F08-60213 Compelling
Prostituion & F08-60222 AGG. Promotion of Prost. The record shall
totally support this statement. However, Applicant was never
arrested or arraigned for cause NOS. F10-01183 & F10-01184; And
by Dallas County fraudulently forging documents showing four(4)
different arrest dates for both tainted sex offenses, evidences
Applicant's demonstrations that he was deprived of his life,
liberty, and property. See Valmonte V. Bane, 18 F.3d 992,998(2nd
Cir.1994).
       The Supreme Court has stated that procedural due process
claims are to be examined "in two steps: the first asks whether
there exists a liberty or property interest which has been
interfered with by the state, second examines wether the procedur
-es attendant upon that deprivation were constitutionally suffici
-ent." See Kentucky Dept. of Corrections V. Thompson, 490 U.S.
454,460 109 S.ct.1904,104 L.Ed. 2d 506(1989)(citations omitted).

                                  II.
       Dallas County District Clerk's office is fraudently
showing these four(4) different arrest dates from F10-01183 Sexual
Performance CH & F10-01184 Sexual Assault CH:
1. The JUDGMENT OF CONVICTION BY JURY & NOTICE OF DISPOSITION

                            EXHIBIT A                        Page 1 of 3

documents show the arrest date as 9/7/2008.

2. The Judicial Information & Criminal History Records documents show the arrest date as 12/17/2010.

3. A U.S. District Court magistrate judge, stated in his findings that the arrest was in September of 2010. See case NO. 3-11-cv -00659-B, page ID53.

4. The capias warrants show the arrest dates as Dec.23,2010. These facts are proof of all fraudulently forged arrest dates from both tainted sex offenses which is included in the incomplete Clerk's record.

It must be repeated that the State is fraudulently showing four(4) different arrest dates from both tainted sex offenses. But the State can not provide any arrest reports, offense reports complaint affidavits, and no book-in sheet informations to support such fraud and falsifieded documents; When, Tex.Crim.Stat.Ann. ch.233 provides: The officer, or person executing a warrant of arrest, shall take the person whom he is directed to arrest forthwith before the magistrate who issued the warrant, or before the magistrate named in the warrant; Tex.Crim.Stat.Ann.Ch.233 provides that a person held under warrant of arrest shall be for forthwith taken before a magistrate. The word "forthwith" has been held to mean within a reasonable time, without unnecessary delay. The only time that the State issued any arrest warrants for both tainted sex cases was on 11/29/2010, without the sig- nature of any magistrate judge, or any name of any judge in the fraudulently forged warrants. These warrants were also dismissed by the District Attorney on 11/29/2010, but show an arrest date as Dec.23/2010, which is absolutely impossible due to the fact that Applicant was illegally convicted and sentenced on 12/17/ 2010. Tex.Crim.Stat.Ann.Ch. 218 provides: A "warrant of arrest" is a written order from a magistrate directed to a peace officer or some other person specially named, commanding him to take the body of the person accused of an offense, to be dealt with accord -ing to law.

In any event Applicant is entitled to his release where the State failed to take the Applicant before any magistrate who allegedly issued the arrest warrants upon the four(4) fraudulently forged arrest dates on the sexual performance by a child & sexual assault on a child charges. Applicant is entitled to his freedom by virtue of Tex.Crim.Stat.Ann.Ch. 233 and its related status. The State was required by Tex.Crim.Stat.Ann.Ch. 233 to take Applicant before a magistrate that allegedly issued the arrest warrants. See Ex parte Henry Wright, 138 Tex.Crim. 350; 136 S.W. 2d 212; 1940 Tex.Crim.App. LEXIS 62 No. 20921.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Court will immediately vacate the judgments due to the State's violation of his due process and the filings of the fraudulent arrest dates & documents.

" I, Senrick Wilkerson, being presently illegally incarcerated in the Ramsey I Unit, do state that the following facts above are true and correct under the penalty of perjury."

Respectfull submitted,

SENRICK WILKERSON PRO SE
TDCJ no. 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

November 9, 2015

I hereby certify that on ~~May 12, 2015~~, the foregoing motion has been U.S. mailed to: Felicia Pitre District Clerk, 133 N. Riverfront Blvd., LB12, Dallas, Texas 75207 & The Court of Criminal Appeals, P.O. Box 12308, Capitol Station, Austin, Texas 78711.

SENRICK WILKERSON

ORDER

The above MOTION TO VACATE THE JUDGMENTS DUE TO STATE'S VIOLATION OF DUE PROCESS & FILINGS OF FRAUDULENT DOCUMENTS is hereby: (granted / denied)

JUDGE PRESIDING