### Will Rich v. The State.

#### No. 1713.     Decided May 15, 1912.

**1.—Fraudulent Conversion—Theft.**

Where, upon trial of theft by means of fraudulent conversion, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Evidence—Arrest—Declarations of Defendant.**

Where, upon trial of fraudulent conversion, the defendant's declarations were withdrawn by the court, as it was doubtful whether defendant was under arrest at the time, there was no reversible error.

Appeal from the District Court of Hardin. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of fraudulent conversion; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jno. L. Little,* for appellant.—On the question of the insufficiency of the evidence: VonSenden v. State, 45 S. W. Rep., 725.

On question of admitting declarations of defendant: Capps v. State, 48 S. W. Rep., 517; Nolen v. State, 8 Texas Crim. App., 585.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of theft of one head of cattle under the statute denouncing punishment for the fraudulent conversion of property under a contract of borrowing.

The evidence shows he borrowed the animal. It is a conceded fact that he killed the calf of the cow he was milking, the cow being at the time borrowed. The State's evidence is sufficient to show a fraudulent conversion. Appellant met this by evidence to the effect that the calf had been gored by a bull, and that he killed it because it would die anyway, and with a view of selling the meat and paying the owner for the animal. In other words, under his theory there was a want of fraudulent conversion. These issues were fairly submitted to the jury. It is deemed unnecessary to go into a statement of the evidence which shows the fraudulent side of the matter as contended by the State.

The sheriff and some of his deputies had been watching appellant's place, and as appellant started off before day with the butchered animal the sheriff intercepted him and asked him quite a number of questions. Appellant's contention is that he was under arrest at the time and those statements should not be used. The court admitted this evidence upon the theory of impeachment of appellant, who testified on the trial. The matter is left exceedingly in doubt as to whether he was under arrest or not. The sheriff stopped him, evidently for the purpose of arresting him later, if the halt did not amount to an arrest. At the request of appellant the court instructed the jury not to consider any of this testimony, thereby withdrawing it from their consideration. Under the circumstances we are of opinion this error, if error, is not of sufficient importance to reverse the judgment. We have not thought it necessary to review the decisions as to whether or not the appellant was really under arrest. The withdrawal of it under the circumstances, we think, sufficiently cured the error, if any there was.

The judgment is affirmed.

*Affirmed.*