### DICK GEARHEART v. THE STATE.

#### No. 4530. Decided June 27, 1917.

1.—Occupation—Selling Intoxicating Liquors—Local Option Election.

The proposition that the legislative Act creating the offense of pursuing the occupation of selling intoxicating liquors in prohibited territory can be the

foundation of a prosecution only in territory in which the election was held subsequent to the passage of the Act is untenable, and was decided adversely to defendant's contention in former decisions of this court. Following Fitch v. State, 58 Texas Crim. Rep., 367, and other cases. Distinguishing Lewis v. State, 58 Texas Crim. Rep., 351, and other cases.

**2.—Same—Legislative Construction—Rule Stated—Judicial Constructions.**

When the Legislature revises the statutes of the State after a particular statute has been judicially construed without changing that statute, it is presumed that the Legislature intended that the same construction should continue to be applied to the statute, and this applies with peculiar force to the instant case. Following Mizell v. State, 59 Texas Crim. Rep., 226, and other cases.

**3.—Same—Stare Decisis—Rule Stated.**

Where the decisions of the same court upon a given question are conflicting, it often becomes necessary to determine which is supported by the better reason, and to overrule the cases holding to an opposite view; but when a rule has been once deliberately adopted and declared and uniformly followed, it should not be abandoned except upon the most urgent reason. Following Lyle v. State, 193 S. W. Rep., 684.

**4.—Same—Insufficiency of the Evidence—Occupation—Business.**

The statute under which this prosecution is maintained requires proof that the accused was engaged in the business of selling intoxicating liquors in prohibited territory, and that defendant made at least two sales of liquor in pursuance of said business, and where, as in the instant case, the proof falls short of this, the judgment must be reversed and the cause remanded.

**5.—Same—Indictment.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibited territory, the indictment followed approved precedent, there is no reversible error.

Appeal from the District Court of Collin. Tried below before the Hon. C. T. Freeman.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquor in local option territory; penalty, two years imprisonment in the penitentiary.

The indictment, omitting formal averments, was as follows: That on the 1st day of November, A. D. 1916, in the County of Collin, State of Texas, and after the qualified voters of Collin County, Texas, had determined at an election held in accordance with the laws of said State that the sale of intoxicating liquors should be prohibited in such county, and after the Commissioners Court of said county had made and entered an order to that effect, and after said order had been published by the county judge of said county as required by law, Dick Gearheart did then and there unlawfully engage in and pursue the occupation and business of selling intoxicating liquors in violation of said law, which law was then and there in full force and effect in said county, and while so engaged in said occupation and business, did then and there unlawfully make six different sales of intoxicating liquor to J. H. Dawson, and did then and there unlawfully make different and other sales of intoxicating liquors to divers other persons to the grand jurors unknown, all of said sales being in violation of aforesaid law,

and being within three years next preceding the presenting and filing of this indictment, and said business and occupation not then and there being permitted by law, against the peace and dignity of the State.

The opinion states the case.

*John Doyle, Martin Kindle,* and *T. C. Andrews,* for appellant.— Cited cases in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This was a prosecution under article 589, P. C., prohibiting the pursuit of the business or occupation of selling intoxicating liquors in territory where such sale is prohibited by law.

At an election held in July, 1907, the sale of intoxicating liquors in Collin County was prohibited. No subsequent election has been held, and appellant contends that article 589, supra, which was passed in 1909 would not be operative in Collin County, insisting that this Act creating the offense of pursuing the occupation of selling intoxicating liquors in prohibited territory should be the foundation of a prosecution only in territory in which the election was held subsequent to the passage of the Act.

The precise question was decided adversely to appellant's contention by this court in case of Fitch v. State, 58 Texas Crim. Rep., 367. In a very carefully prepared brief and interesting oral argument appellant insists that the conclusion reached in the Fitch case was erroneous and that notwithstanding that decision the question should be reviewed, and urges in support of this view the decision of this court in the case of Lewis v. State, 58 Texas Crim. Rep., 351, and the decisions of this court previously decided and cited therein, among them being: Dawson v. State, 25 Texas Crim. App., 670; Ex parte W. R. Elliott, 44 Texas Crim. Rep., 575; Robinson v. State, 26 Texas Crim. App., 82; Lawhon v. State, 26 Texas Crim. App., 101; McElroy v. State, 39 Texas Crim. Rep., 529. The point decided in the Lewis case, supra, was that in a county where the sale of intoxicating liquors was prohibited by a local option election held in 1902, and the penalty for making sales was then prescribed by law, that a subsequent Act of the Legislature passed in 1909 making the penalty more onerous for the sale of intoxicating liquors would not be enforced but the penalty for the sale in such county would be that which was in force at the time the election was held. Appellant's argument is that the Lewis case, supra, and the Fitch case, supra, are inconsistent and that to harmonize them the Fitch case should be overruled.

The argument that the cases mentioned are somewhat inconsistent is plausible, but it does not logically follow from this that the Fitch case is based upon unsound principles. The Lewis case, supra, was preceded by the case of Dawson v. State, 25 Texas Crim. App., 670, and other cases mentioned above. In the Dawson case the Assistant At-

torney General, who is now presiding judge of this court, gave, in his brief, very cogent reasons for his contention that the court should reach the conclusion contrary to that which it did reach in the decision of that case. His contention was in effect that section 20, article 16, of the Constitution, which provides that the Legislature shall enact a law whereby the qualified voters may, by a majority vote, determine from time to time whether the sale of intoxicating liquors shall be prohibited within prescribed limits, did not require the submission to the people of the terms of the law or the penalty for its violation, but the question only as to whether the sale should be prohibited, leaving the Legislature free to prescribe penalties at its will for violations of the law. This brief of Judge Davidson was reproduced by Judge Ramsey in writing the opinion in the Lewis case, 58 Texas Crim. Rep., 355.

His contention is apparently in harmony with the idea of the Supreme Court of this State expressed in Ex parte Dupree, 101 Texas, 150. The opposite view, however, having been taken in the decision of the Dawson case, this court in deciding the Lewis case, supra, felt constrained under the doctrine of stare decisis to make the ruling in the Lewis case consistent with that of the Dawson case and cases following it. The Lewis case was founded upon the additional rule of law stated therein as follows: "When the Legislature revises the statutes of the State after a particular statute has been judicially construed, without changing that statute, it is presumed that the Legislature intended that the same construction should continue to be applied to the statute."

Giving application to this rule, which is supported by many authorities cited in Lewis v. State, this court held that the re-enactment of the law of 1887, subsequent to the decision of this court in Dawson case, and other cases following it mentioned, was a legislative adoption of the construction of the law given in those decisions, binding, since such re-enactment, upon this court.

Applying the same doctrine to the case under consideration, we find that the case of Fitch v. State, construing article 589 which was passed by the Legislature in 1909, was finally decided May 4, 1910, and subsequently article 589 was brought forward by the Legislature in the revision of the laws adopted in 1911. From this it is apparent that the rule of legislative adoption of the judicial construction of statutes, which is the mainstay of the Lewis case, applies in full force to this one. The Lewis and Fitch cases were decided the same day. Judge Ramsey, who wrote the opinion in the Lewis case, also wrote an opinion in the Fitch case upholding legislative authority to pass article 589, and to make it applicable to counties and districts in which the local option prohibition law had been previously adopted.

While Presiding Judge Davidson dissented from the majority in the decision of the Fitch case, that decision, since it was rendered, has furnished the rule of construction of the statute in question and has been followed without dissent in numerous cases. Among them are: Mizell v. State, 59 Texas Crim. Rep., 226; Clark v. State, 61 Texas

Crim. Rep., 597; Wilson v. State, 69 Texas Crim. Rep., 567, 154 S. W. Rep., 571.

Where the decisions of the same court upon a given question are conflicting it often becomes necessary to determine which is supported by the better reason, and to overrule the cases holding to an opposite view, but when a rule has been once deliberately adopted and declared and uniformly followed it should not be abandoned except upon the most urgent reasons: Kent's Commentaries, vol. 1, p. 475; Lyle v. State, 80 Texas Crim. Rep., 606, 193 S. W. Rep., 684. The writer is of the opinion that the Fitch case was correctly decided.

The indictment charges that appellant was unlawfully engaged in the pursuit of the occupation or business of selling intoxicating liquors in violation of law and that in pursuance thereof made sales to J. H. Dawson. In this charge the State relied upon the testimony of J. H. Dawson, who testified that he had bought whisky from appellant five or six times or more in the past year, and did not more definitely fix dates, but said that he bought it at different places in Collin County, naming a livery stable, feed store, barber shop and wagon yard as places at which he had received it. Several witnesses testified that Dawson's general reputation for truth and veracity was bad. None supported him. In several instances in which Dawson located the places or persons present where he had delivered whisky to appellant there was testimony introduced by appellant tending to contradict as to facts. There was some testimony that Dawson entertained resentment against the appellant because of appellant's refusal to sign his note. Appellant testified in his own behalf and denied all the transactions with Dawson and denied any connection with the sale of intoxicating liquors. Quite a number of witnesses testified that his general reputation for truth and veracity and as a law-abiding citizen was good. The State called a constable and deputy sheriff, who testified that appellant had a reputation of being a "bootlegger." On cross-examination they stated there had never been any complaint against him by anyone except the witness Dawson; he had never been arrested on any other complaint; never knew of his making any sales. It appeared from their testimony that the only information they had with reference to appellant's reputation or misdeeds was from the witness Dawson. There was an absence of testimony except the evidence mentioned with reference to the sale to Dawson, of any circumstances or facts showing that appellant was engaged in the business of selling intoxicating liquors.

The statute under which this prosecution is maintained requires proof that the accused was engaged in the business of selling intoxicating liquors in prohibited territory. It also requires allegation and proof of at least two sales of liquor in pursuance of said business. Art. 591, P. C.; Fitch v. State, 58 Texas Crim. Rep., 367. There are other subdivisions of the same chapter of the Code which condemn as an offense isolated sales of intoxicating liquors. In a prosecution for that

offense the proof of one or more sales of intoxicating liquors in prohibited territory will support a conviction, but in a prosecution for
pursuit of the business a conviction will not be sustained upon such
testimony alone.   This was held by this court in an opinion by Judge
Harper in Whitehead v. State, 66 Texas Crim. Rep., 492, 147 S. W.
Rep., 584, and in an opinion written by Presiding Judge Davidson in
Molthrop case, 66 Texas Crim. Rep., 543, 147 S. W. Rep., 1160.   In
Oliver's case, 68 Texas Crim. Rep., 414, 152 S. W. Rep., 1067, the
proof requisite to convict for pursuing the occupation as distinguished
from the proof necessary to convict for making a sale of intoxicating
liquor is elaborated, and it is further illustrated in Robinson's case,
66 Texas Crim. Rep., 392, 147 S. W. Rep., 245.   If this prosecution
was for the sale of intoxicating liquors we might not be authorized
to disturb the verdict, but we think there is lacking proof of the elements of an offense of pursuing the business of the unlawful sale of
intoxicating liquors in that the only evidence relied upon is the testimony of Dawson to isolated sales.

We overrule the appellant's assignments complaining of the indictment, but because of the insufficiency of the evidence to support the
conviction it is ordered that the judgment of the lower court be reversed and the cause remanded.

*Reversed and remanded.*