### J. J. Mackey v. The State.

#### No. 4617. Decided October 17, 1917.

**1.—Local Option—Indictment—Prior Election.**

Defendant's contention that because the election for local option was held, carried, etc., prior to the time the Legislature made it an offense by the Act of 1909 to pursue the occupation, etc., of selling intoxicating liquors in prohibition territory, said latter law was inapplicable, can not be substained. Following Fitch v. State, 58 Texas Crim. Rep., 366, and other cases.

**2.—Same—Indictment—Other Sales.**

Where the indictment alleged that defendant made other and different sales, in addition to those alleged, to persons to the grand jurors unknown, there was no error in overruling a motion to quash on this ground.

**3.—Same—Indictment—Allegations.**

Upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, it is not necessary that the indictment allege that the sales made were unlawful. Following Ikard v. State, 46 Texas Crim. Rep., 605.

**4.—Same—Indictment—Two Distinct Sales Must Be Alleged.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in prohibition territory, the indictment failed to allege two separate and distinct sales naming the parties and the dates, and the allegation upon this phase of the pleadings was not sufficiently clear, the indictment was bad. Following Martin v. State, 72 Texas Crim. Rep., 454, and other cases. Prendergast, Judge, dissenting.

Appeal from the District Court of Denton. Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in prohibition territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Luther Hoffman* and *Will Boyd,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant appeals from a conviction for pursuing the business of selling intoxicating liquors in Denton County, where prohibition was in force.

The only question is the sufficiency of the indictment. Appellant made a motion to quash it on several grounds. It alleges that prohibition was carried in September, 1902, upon proper election, and that the Commissioners Court so declared and entered an order as prescribed by statute, which was duly published. Appellant contends that because that election was held, carried, etc., prior to the time the Legislature made it an offense by the Act of 1909 to pursue the occupation or business of selling intoxicating liquors in prohibition territory, that therefore the law prescribing this offense was inapplicable and he could not be convicted for said offense under said law. This has uniformly been held against appellant from the first case that arose after the passage of said act down to the present time. It is unnecessary to cite all the cases. The first case was Fitch v. State, 58 Texas Crim. Rep., 366; the last, Gearheart v. State, 81 Texas Crim. Rep., 540, 197 S. W. Rep., 187, in an opinion by Judge Morrow.

Another ground to quash was because the latter part of the indictment alleged that appellant made other and different sales of said liquor in violation of said law, to persons to the grand jurors unknown. This is not an improper allegation in an indictment for this offense nor would, or could, it render the indictment bad. It has uniformly been held that when such an allegation is made, or when not, the State has the right to prove other and different sales to other persons not specifically alleged to show that appellant was engaged in or pursuing such occupation or business. Some of the cases are cited in 1 Branch's Ann. P. C., p. 681.

After making all proper allegations about the election, that prohibition carried, and the order of the Commissioners Court putting it into effect, publication thereof, etc., it alleged that on or about December 24, 1916, in said county appellant did unlawfully engage in and pursue the occupation and business of selling intoxicating liquors in violation of said law which was in full force and effect in said county at the time, and then this: "And that the said J. J. Mackey did then and there, on or about the 24th day of December, A. D. 1916, in said county and State, and anterior to the presentment of this indictment, make one sale of intoxicating liquor to Bud Swanks, and on or about the 24th day of December, A. D. 1916, in said county and State, and anterior to the presentment of this indictment, the said J. J. Mackey did make one sale of intoxicating liquor to Bud Swanks." This is the only allegation alleging any specific sales to any person named. Appellant's attack of this allegation is in two respects: first, he claims that this allegation should have averred that appellant on the date men-

tioned did make "unlawful" sales to said party. In an indictment alleging this offense, it is not essential to its validity that such word be used. Ikard v. State, 46 Texas Crim. Rep., 605.

The other point he makes is, that the language quoted alleges only one sale to Swanks on the date mentioned; that it does not allege two separate and distinct sales to Swanks on the same date.

In the opinion of this writer, the language used does aver two sales, and not one only. Condensed it is: and that said Mackey did on or about December 24th make one sale of intoxicating liquor to Swanks, *and* on or about December 24th make one sale, etc., to said Swanks. Of course, it might have been better in alleging a second sale to have used the word "another" instead of "one" in the latter clause. But this writer's associates think his contention on this latter point is correct, that it is not reasonably certain therefrom that this allegation avers two sales to Swanks on the same date. That the allegation rather seems to be a repetition averring the same sale. That while the first clause clearly alleges a sale on December 24th, the latter part does not allege "another" sale on that date. That if it had been intended by the pleader in the latter clause to allege a separate and distinct sale on the same date, it could have been done in clear and specific language by the use, instead of the word "one," of "another," or other words that would have shown that the latter clause was intended to allege another and different sale than that alleged in the first clause. (Martin v. State, 72 Texas Crim. Rep., 454.) They hold the indictment should have been quashed on this ground.

Therefore on the holding of my associates the judgment is reversed and the cause dismissed.

*Dismissed.*