### EX PARTE B. HENNINGTON.

No. 8123.   Decided October 24, 1923.

. Rehearing denied November, 1923.

**Habeas Corpus—Rape—Evidence of Facts of Case.**

The learned judge was in error in the announcement that he would not hear any evidence other than upon the issue of ability to give bail, but if relator desired to introduce evidence upon the facts and circumstances of the case he should have tendered legal evidence, and the ex parte statements signed by certain parties who had not testified was inadmissible, and the judgment must, therefore, be affirmed.

Appeal from the District Court of Bastrop. Tried below before the Honorable R. J. Alexander.

Appeal from *habeas corpus* trial fixing bail, but denying the relator to go into the facts of the case.

The opinion states the case.

*R. A. Brooks,* and *Mauermann & Hair,* for appellant. Cited, Ex parte Campbell, 13 S. W. Rep., 141.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Relator appeals from an order of the Hon. R. J. Alexander, District Judge, remanding him to jail in default of $1500 bond required.

Relator was charged with rape. *Habeas corpus* proceedings were instituted, and upon the hearing the state introduced the indictment and capias under which relator was held, admitted that he was entitled to bail, and rested its case. The statement of facts before us reveals the following colloquy by Mr. Mayfield, the district attorney, Mr. Hair, attorney for relator and the court:

"Mr. Mayfield: The application filed is based on the indictment in cause No. 2434. The defendant is restrained by reason of *capiases* in two cases, numbers 2431 and 2134. As representative of the State I will state to the court that this case is bailable, and we will not raise issue.

The Court: That being true there is nothing to hear except evidence as to the ability of the defendant to make bond.

Mr. Hair: Where the State admits it is a bailable case there are two ways to determine the amount of the bail, one by the seriousness of the facts—

The Court: I am not going into the facts. The court has absolutely no power to discharge a defendant where an indictment is returned. The only question the court will hear is as to the ability of the defendant to make bond. That is the only issue in the case.

Mr. Hair: In determining the amount of the bail there are two questions, one as to the ability to give bond—

The Court: That is the only question the court is concerned about now. The District Attorney admits it is bailable. That is all I will hear — as to his ability to make bond. I will limit the testimony to his ability to make bond. That is all I will hear. You may except.

Mr. Hair: We object and except to the ruling of the court in not requiring the state to put on any testimony to show the nature and character of the offense, and whether or not the state would be likely to secure a conviction upon the testimony it has—

The Court: The indictment is before the court; that is considered in evidence."

Relator introduced evidence on his ability to give bond. He then tendered an ex parte statement purporting to have been signed by Minnie Erwin and Nora Erwin. This was inadmissible in the absence of either having testified. Under the provisions of articles 201 and 204 Code of Criminal Procedure counsel for relator is correct in his contention that he had the right to introduce evidence other than upon the issue of bail, and the learned trial judge was in error in his announcement that he would hear evidence on no other issue; but if relator desired to introduce evidence upon the facts and circumstances of the case he should have tendered legal evidence, and then if the court declined to hear it, it could have been brought before us by bill of exception in such condition as to receive con-

sideration in determining whether the bond required was excessive. In the present condition of the record we find a party charged by indictment with an offense which may be punished capitally. No facts are before us on any issue other than the question of bail. We cannot arbitrarily say the learned trial judge was in error in fixing bond at $1500.

The judgment must therefore be affirmed.

*Affirmed.*

[Rehearing denied November 1923. Reporter.]