Ex parte Douglas E. WILLIAMS.

No. 60707.

Court of Criminal Appeals of Texas, Panel No. 1.

May 9, 1979.

Rehearing En Banc Denied Oct. 24, 1979.

Jimmy Phillips, Jr., Angleton, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order of the 23rd District Court of Brazoria County refusing to discharge the appellant after a hearing on his application for writ of habeas corpus.

Appellant contends the State failed to show probable cause for his continued detention. The record reflects that the appellant was arrested and charged by complaint with the offense of aggravated rape.

The State called two investigators from the sheriff's office as witnesses. Neither had any personal knowledge of the offense. The State also introduced a copy of the complaint and the ex parte statement of the complaining witness, who did not testify though shown to be available for that purpose. These instruments were introduced over objection that they were hearsay and, with regard to the ex parte statement, that the appellant was being denied his right of cross-examination.

The rule is well established that when one is held in custody under complaint and seeks release by habeas corpus, it is incumbent upon the State to introduce against him sufficient evidence to show probable cause for holding him in custody. *Ex parte Wright*, 138 Tex.Cr.R. 350, 136 S.W.2d 212 (1940); *Ex parte Livingston*, 155 Tex.Cr.R. 218, 233 S.W.2d 503 (1950).

In *Ex parte Nicely*, 116 Tex.Cr.R. 143, 28 S.W.2d 147 (1930), it was held that the alleged escaped convict's discharge on habeas corpus was improperly refused since the only evidence was hearsay in the form of

prison records, telegrams and letters from penitentiary authorities. And in *Ex parte Hennington*, 95 Tex.Cr.App. 495, 264 S.W. 104 (1923), it was held that in a habeas corpus proceeding an ex parte statement, purporting to have been signed by two individuals, neither of whom had testified, was inadmissible.

*Ex parte Garcia*, 547 S.W.2d 271 (Tex.Cr. App.1977), held that a challenge to probable cause to hold a defendant in custody cannot be defeated in habeas corpus proceeding by a mere showing of the existence of a complaint or accusation.

▆▆▆ In the instant case, the State introduced the complaint. This, standing alone, was not sufficient to prevent appellant's release. *Ex parte Garcia*, supra. The other instrument was hearsay evidence and should not have been admitted. *Ex parte Nicely*, supra; *Ex parte Hennington*, supra.

Eliminating the hearsay evidence, which was introduced over objection, the only evidence is the complaint, which is not sufficient alone to prevent appellant's release.

The judgment remanding appellant to custody is reversed and appellant is ordered released under this particular proceeding.[1]

It is so ordered.

Before the court en banc.

DOUGLAS, Judge, dissenting on State's motion for leave to file Motion for Rehearing.

The panel opinion holds that a complaint, standing alone, is insufficient to prevent appellant's release from custody and that the affidavit of the prosecuting witness should not have been admitted because it was hearsay.

The panel appears to recognize that the State needs only to show probable cause in order to defeat the discharge of a defendant charged with a criminal offense. This is so because Article 11.46, V.A.C.C.P., provides:

"Where, upon an examination under habeas corpus, it appears to the court or judge that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged, but shall be committed or admitted to bail."

See also *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

The panel opinion fails to recognize that probable cause can be established by hearsay evidence both under the Federal Constitution, *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), and under Texas law, *Victoria v. State*, 522 S.W.2d 919 (Tex.Cr. App.1975).

The sworn complaint of Deputy Sheriff Stiles and the affidavit of the prosecutrix, although hearsay, are sufficient to show probable cause. Absent an allegation and an offer of proof of deliberate falsehood or reckless disregard for the truth as to statements made in the affidavits, see *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the office of habeas corpus should not be turned into a discovery device or "fishing expedition" prior to trial. See *Ex parte Garcia (Garcia v. State)*, 547 S.W.2d 271 at 275 (Tex.Cr.App.1977), concurring opinion by Onion, P. J. Moreover, the fact that an accused is presumed to be innocent, Article 11.43 V.A.C.C.P., is no reason for not requiring bail or further pretrial detention. See *Bell v. Wolfish*, —— U.S. ——, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

Leave to file the State's motion for rehearing should be granted and the order of the trial court should be affirmed.

W. C. DAVIS, J., joins in this dissent.

---

1. This record does not reflect that the appellant has been indicted.