**The STATE of Texas, Appellant,**

v.

**David Eugene RHODES, Appellee.**

No. 14–96–00029–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 23, 1997.

Rehearing Overruled Feb. 20, 1997.

William J. Delmore, Houston, for appellant.

William W. Burge, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## MAJORITY OPINION

LEE, Justice.

In this double jeopardy case, the State of Texas appeals the granting of a writ of habe-

as corpus to David Eugene Rhodes on the grounds that (1) there is no evidence that the criminal prosecution in this case is based upon the same conduct for which appellee was previously held in contempt of court; and (2) a criminal contempt proceeding initiated by a private party does not bar a subsequent criminal prosecution for the same conduct. We reverse and remand.

Appellee filed an application for a writ of habeas corpus in the 183rd District Court, arguing that his prosecution in cause no. 685,107 in that court was barred by the double jeopardy clause of the Fifth Amendment[1] because he was previously adjudged guilty of contempt of court in civil cause no. 91–55293 in the 257th District Court for the same conduct. After conducting an evidentiary hearing, the 183rd District Court signed an order stating only that it "granted the Writ of Habeas Corpus as to the Double Jeopardy Clause."

In its first point of error, the State argues that, in the absence of any proof of the contents of the indictment in cause no. 685,-107, there is no evidence to support the trial court's finding that the criminal prosecution is based on the same conduct for which appellee was held in contempt of court. The State points out that appellee did not introduce a copy of the indictment in cause no. 685,107 or otherwise prove up the contents of the indictment which appellee claims as the basis for his double jeopardy argument.[2] Additionally, the State contends that nothing in the record of the habeas corpus proceeding[3] reflects the specific offense for which appellee was indicted.

Appellee responds that, at the hearing, the State did not contest that the contempt action and the indictment alleged the same conduct. Appellee further argues that the trial court has constructive knowledge of the papers on file in its other cases, such as the indictment in cause no. 685,107.

■ We first consider which party had the burden to bring forth a copy of the indictment at the habeas corpus hearing. Generally, in a habeas corpus proceeding, the initial burden is on the State to show that the defendant is being lawfully held. *See Ex parte Williams,* 587 S.W.2d 391, 391 (Tex. Crim.App.1979). The State typically meets this prima facie burden by introducing into evidence (1) the sheriff's return, and (2) the indictment or information. *See Ex parte Plumb,* 595 S.W.2d 544, 545 (Tex.Crim.App. 1980). Only then does the burden shift to the defendant to prove that the subsequent criminal prosecution by the State puts him in double jeopardy. *Hoang v. State,* 810 S.W.2d 6, 8 (Tex.App.—Dallas 1991), *aff'd,* 872 S.W.2d 694 (Tex.Crim.App.1993).

■ In this case, appellee stipulated that he was the individual named in both the indictment and divorce decree and proceeded to attack the criminal prosecution as a violation of double jeopardy. By doing so, he waived the State's prima facie burden to show that he was lawfully in custody.

■ However, to preserve error, the complaining party must first afford the trial court an opportunity to rule on a specific complaint. TEX.R.APP. P. 52(a). After appellee waived the State's initial burden to bring forth the indictment, the State never objected to the lack of the indictment during the habeas corpus proceeding, and thus never gave the trial court an opportunity to rule on it or put a copy of the indictment in the record. By failing to object to the absence of the indictment in the trial court, the State

1. "[N]or shall any person be subject for the same offence (sic) to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V.; *see also* TEX. CONST. art. I, § 14; TEX.CODE CRIM. PROC. ANN. art. 1.10 (Vernon 1996).

2. During the evidentiary hearing on his application for habeas corpus relief, Appellee introduced three exhibits: (1) the divorce decree, (2) a "motion for enforcement and order to appear" filed by his former spouse, which complained of violations of the custody provisions of the divorce decree, and (3) an "order of enforcement" that recited that the Appellee had been adjudicated guilty of contempt of court for violating a provision of the divorce decree that enjoined the parties from removing their child from Harris County "for the purpose of changing the residence" of the child.

3. The writ of habeas corpus was brought in a separate proceeding under cause no. 707,590, rather than in the same action in which appellee had been indicted, cause no. 685,107.

preserved no error for appeal. *See* Tex. R.App. P. 52(a). Therefore, the State's first point of error is overruled.

■ In its second point of error, the State argues that the trial court erred in holding that a criminal contempt proceeding[4] initiated by a private party bars a subsequent criminal prosecution by the State for the same conduct.

■ In *Ex parte Williams*, the Court of Criminal Appeals specifically held that a criminal contempt action brought by a private party could not prevent the sovereign from prosecuting a criminal case on behalf of the citizens of the State:

> In this cause the contempt conviction was sought by a private party, not on behalf of the State. Although the power of the State was used to obtain the punishment, through the state court and jail, the State did not seek this punishment. We believe the jeopardy provisions protect only against prosecutions by persons on behalf of the same sovereign, and the contempt conviction here, while "criminal" in nature, is not the "same offense" as the [offense] the State is now seeking to prosecute. Whether the crimes would pass a *Blockburger* [*v. United States*, 284 U.S. 299, 52

S.Ct. 180, 76 L.Ed. 306 (1932) ] analysis is not relevant.[5]

799 S.W.2d 304, 307 (Tex.Crim.App.1990). Thereafter, in *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the United States Supreme Court held that a finding of criminal contempt for violating court orders barred subsequent criminal prosecution for the same conduct under the Double Jeopardy clause. *Id.* at 696–99, 113 S.Ct. at 2856–57.

However, because the majority opinion in *Dixon* has no discussion of the "private party versus state" distinction, this panel recently held in *Ex parte Jackson* that nothing in *Dixon* was inconsistent with the "multiple sovereignty" analysis used in *Williams*,[6] and, accordingly, that *Williams* dictated that a criminal contempt action initiated by a private party does not bar subsequent criminal prosecution by the State for the same conduct.[7] Although the facts of *Ex parte Jackson* differ from those of this case in that the criminal conviction there came *before* the criminal contempt action, the reasoning and result are the same. In both cases, the State of Texas did not initiate or prosecute the contempt action, but only the prior or subsequent criminal conviction.

---

4. A contempt finding is "criminal" if it punishes for past violations, and "civil" if it attempts to coerce future action. *See Hicks v. Feiock*, 485 U.S. 624, 631–32, 108 S.Ct. 1423, 1429–30, 99 L.Ed.2d 721 (1988). In cause no. 91–55293, Appellee was fined $100, required to post a $2,500 bond with the court, and required to pay an additional $2,500 for his ex-wife's attorney's fees, none of which were conditional upon his performing any act in the future. Neither party contends that the contempt action in this case was civil rather than criminal.

5. In this case, the State has not challenged whether the criminal contempt order and the criminal prosecution satisfied the test set out in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under *Blockburger*, two offenses are not considered the "same offense" for double jeopardy purposes if each offense requires proof of a fact that the other does not. *Id.* at 303–05, 52 S.Ct. at 182. In this case, according to the Order of Enforcement in cause no. 91–55293, appellee was found in contempt for "willfully chang[ing] the child's principal place of residence from Harris County" in violation of the child custody provisions of his divorce decree, whereas according to the state-

ment of facts from the hearing on the writ of habeas corpus, he was under indictment in cause no. 685,107 "pursuant to Texas Penal Code section 25.03." That section provides in part that a person commits an offense if he takes or retains a child when he "knows that his taking or retention violates the express terms of a judgment or order of a court disposing of the child's custody." *See* Tex. Penal Code Ann § 25.03(a)(1) (Vernon 1994).

6. Although the "dual sovereignty" theory was briefly mentioned in a footnote of the majority opinion in *Dixon*, neither the majority nor concurring opinions indicate whether the majority addressed the "private party versus state" distinction.

7. *See Ex parte Jackson*, 911 S.W.2d 230, 233–34 (Tex.App.—Houston [14th Dist.] 1995, no writ) ("[E]ven if the contempt offense and the criminal offense might not pass *Blockburger*, when contempt is sought by a private party, there is no double jeopardy bar based on the previous criminal conviction.").

■ The doctrine of stare decisis requires a compelling reason not to follow prior decisions of the same court. *Gearheart v. State*, 81 Tex.Crim. 540, 544, 197 S.W. 187, 188–189 (1917)("[W]hen a rule has been once deliberately adopted and declared and uniformly followed, it should not be abandoned except upon the most urgent reasons."). *See also Ex parte Porter*, 827 S.W.2d 324, 328–31 (Tex.Crim.App.1992) (Baird, J., dissenting). We therefore conclude, based on *Jackson* and *Williams*, that double jeopardy does not cause appellee's criminal contempt to bar his criminal prosecution for the same conduct. Accordingly, the State's second point of error is sustained, the writ of habeas corpus is reversed, and the case is remanded to the trial court for further proceedings.

EDELMAN, Justice, dissenting.

I agree with the majority opinion, *Williams*, and *Jackson* that a finding of criminal contempt in a civil proceeding *should* not bar a subsequent criminal prosecution for the same conduct. In addition to the reasons given in those opinions, holding a defendant in contempt, on the one hand, and prosecuting him for a crime, on the other, are remedies for injuries to distinct interests. Contempt preserves the integrity of the court system whereas criminal prosecution preserves the security of citizens of the State.[1]

An analogous difference in interests underlies the "dual sovereignty" doctrine which allows successive prosecutions by a State and the federal government,[2] or by different states:

The dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the "peace and dignity" of two sovereigns by breaking the laws of each, he has committed two distinct "offences."

*Heath v. Alabama*, 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985). The crucial determination is whether the two entities that seek to successively prosecute for the same conduct can be termed as separate sovereigns, that is, whether they draw their authority from distinct sources of power. *Id.* In this case, the finding of contempt was sought by a private party, namely appellant's ex-wife, and was not sought by or on behalf of the State or *any* governmental entity, although the power of the State is used to obtain and enforce such a contempt order.

In addition, the practical disadvantages of finding a successive criminal contempt and criminal prosecution to be double jeopardy are considerable. First, given that injuries to different interests are remedied by each, applying double jeopardy in this context means that, at most, only one of the two injuries can be redressed. Second, for a party seeking to enforce an order in a civil case, double jeopardy poses the dilemma whether to (a) seek contempt and risk cutting off the possibility of subsequent criminal prosecution, perhaps even if unsuccessful,[3] or (b) seek criminal prosecution and thereby risk not only losing any ability to tailor the result of the contempt proceeding to compel the desired conduct, but also risk that the punishment assessed in the criminal prosecution would itself cut off the respondent's ability to comply with the civil order. Similarly, due to the quasi-criminal nature of punitive damages,[4] courts would arguably be prohibited from awarding punitive damages against a defendant who has previously been

1. *See Williams*, 799 S.W.2d at 306 (*citing State v. Newell*, 532 So.2d 1114 (Fla.App.1988); *State v. Sammons*, 656 S.W.2d 862 (Tenn.Crim.App. 1982)).

2. *See United States v. Wheeler*, 435 U.S. 313, 320, 98 S.Ct. 1079, 1084, 55 L.Ed.2d 303 (1978).

3. The double jeopardy clause protects against a second prosecution for the same offense after acquittal or conviction, as well as against multiple punishments for the same offense. *Ortiz v. State*, 933 S.W.2d 102, 105 (Tex.Crim.App.1996)

(citing *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984)). For double jeopardy purposes, if a finding of criminal contempt is a "conviction" or "punishment," then seeking criminal contempt is arguably a "prosecution," and a finding of no criminal contempt is arguably an "acquittal" which would bar successive criminal prosecutions.

4. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 16–17 (Tex.1994).

**196**

prosecuted criminally for the same conduct, and vice versa.

Unfortunately, however, I do not agree that *Dixon* left the issue open to us. *Dixon* unequivocally held that both Dixon and Foster could not be prosecuted for conduct for which they were previously punished with criminal contempt. *Dixon,* 509 U.S. at 699–701, 711–12, 113 S.Ct. at 2858, 2864. Faced with this clear holding, we are not at liberty to maintain an exception based on speculation as to what arguments *Dixon* might or might not have taken into consideration. Therefore, although I agree with the holding of *Williams, Jackson,* and the majority opinion in this case, I do not believe that they are in accordance with *Dixon.*