**AFFIRMED and Opinion Filed May 26, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01075-CR**

**EX PARTE JEREKIAL DANIELS**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. WX21-93106-Y**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Pedersen, III

Jerekial Daniels appeals the trial court's order denying relief on his pretrial application for writ of habeas corpus. In two issues, appellant contends the State lacked probable cause to arrest and detain him without a warrant, and the trial court erred in taking judicial notice of his indictment to satisfy the State's burden of proof to show probable cause. We affirm the trial court's order denying relief.

## FACTS

On November 19, 2021, the State indicted appellant for aggravated assault with a deadly weapon. On November 23, 2021, appellant filed an application for writ of habeas corpus contending there was no probable cause to detain him. On December 7, 2021, the trial court conducted a hearing on the writ application.

During the writ hearing, the State informed the trial court that appellant had been indicted, and provided a paper copy of the indictment printed out from the Dallas County District Clerk's online records database known as Onbase. The trial court then determined that an indictment had been issued, and the issue of probable cause was moot. After appellant objected to the State's copy on the ground that the State needed to provide an official, written copy of the indictment and the online records were hearsay, the trial court took judicial notice that an indictment had been returned by the grand jury on November 19, 2021. Over appellant's hearsay objection, the State admitted the paper copy of the indictment from Onbase into evidence as an exhibit. The trial court denied relief on appellant's writ application.

## STANDARD OF REVIEW

Appellant bears the burden to prove his claims by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Id*. The trial court is the exclusive judge of witness credibility, and we afford almost total deference to the trial court's factual findings when those findings are based upon credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). When the trial court determines questions of law, or mixed questions of law and fact that do not turn on an evaluation of witnesses' credibility and demeanor, we review those

determinations *de novo*. *Ex parte Campozano*, 610 S.W.3d 572, 575 (Tex. App.—Dallas 2020, pet. ref'd).

## ANALYSIS

In his first issue, appellant contends the State failed to meet its burden of proof to show probable cause for his detention. Appellant contends the State failed to meet its burden because the only evidence offered—the copy of the indictment from Onbase—was hearsay and not subject to judicial notice. In his second issue, appellant contends it was inappropriate for the trial court to take judicial notice of the indictment recorded in Onbase to satisfy the State's burden of proof on probable cause. Appellant contends that except for the trial court's error in taking judicial notice of the indictment from Onbase, there would have been no showing that he had been indicted, and thus he was entitled to release when the State could not show probable cause. Appellant further argues that without an indictment, the trial court lacked subject-matter jurisdiction over his case. Because resolution of the second issue is necessary to resolve the first, we turn to appellant's second issue.

*Judicial Notice of the Fact of Indictment*

This Court has already determined that we have the discretion to take judicial notice of adjudicative facts that are matters of public record reflected in Onbase. *See In re Johnson*, 599 S.W.3d 311, 311 & n.1 (Tex. App.—Dallas 2020, orig. proceeding).

A court may take judicial notice of its own records. *Turner v. State*, 733 S.W.2d 218, 221–22 (Tex. Crim. App. 1987). The indictment online in the district clerk's Onbase website is a publicly-available record of the trial court reflecting the proceedings in appellant's case. Just as we can take judicial notice of the trial court's records in Onbase, we conclude the trial court did not abuse its discretion in taking judicial notice of its own records in electronic form maintained by the district clerk as part of Onbase. *See Johnson*, 599 S.W.3d at 311 & n.1.

Appellant contends we cannot rely upon the copy of the indictment in the clerk's record because the official copy in the clerk's record was not available at the time of the habeas hearing. Appellant contends that even though the clerk's record on appeal shows he was indicted, the record on appeal consists of the record as it existed before the trial court at the time of the habeas hearing. *See Ex parte Coleman*, 350 S.W.3d 155, 160 (Tex. App.—San Antonio 2011, no pet). However, the record before the trial court at the time of the habeas hearing included the fact of appellant's indictment as reflected in Onbase, and a copy of the indictment was admitted into evidence in the reporter's record. We conclude the record sufficiently documents appellant's indictment.

Appellant further contends the trial court lacked jurisdiction for want of an official indictment. Appellant's argument must fail given appellant's indictment on November 19, 2021 as reflected in the trial court's records. *See Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018) ("The presentation of a valid indictment

–4–

vests the district court with jurisdiction of the cause."). Accordingly, we overrule appellant's second issue.

*Indictment and Probable Cause*

Having established that the fact of appellant's indictment was before the trial court and part of the record, we now turn to appellant's first issue and consider the effect of the indictment.

Before he is indicted, an accused may file an application for writ of habeas corpus to challenge the existence of probable cause to detain him. *Ex parte Smith*, 178 S.W.3d 797, 801& n.9 (Tex. Crim. App. 2005) (per curiam). The return of an indictment establishes probable cause as a matter of law and renders moot any issues regarding probable cause. *Ex parte Branch*, 553 S.W.2d 380, 381 (Tex. Crim. App. 1977); *Ex parte Cardenas*, 557 S.W.3d 722, 736 (Tex. App.—Corpus Christi-Edinburg 2018, no. pet.).

Appellant contends this case is governed by *Ex parte Williams*, which holds that an accused is entitled to habeas relief when the State presents only a criminal complaint to carry its burden to show probable cause to detain the accused. *See Ex parte Williams*, 587 S.W.2d 391, 392 (Tex. Crim. App. [Panel Op.] 1979). In a footnote, however, the *Williams* opinion noted that the record did not reflect that the accused had been indicted. *See id.*

Because there was no showing that the accused in *Williams* had been indicted, *Williams* is distinguishable from the current case. Proof of appellant's indictment

renders questions of probable cause moot. *See Branch*, 553 S.W.2d at 381. Thus, after the trial court took judicial notice of appellant's indictment, the issue of probable cause was moot, and the State had no burden to prove probable cause as appellant contends. *See id.* We overrule appellant's first issue.

We affirm the trial court's order denying appellant's pretrial application for writ of habeas corpus.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

211075f.u05

Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JEREKIAL DANIELS

No. 05-21-01075-CR

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. WX21-93106-Y.
Opinion delivered by Justice Pedersen, III. Justices Schenck and Molberg participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's pretrial application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 26th day of May, 2022.